[No. 4674.]

## JAMES CLARK *v.* WILLIAM MINNIS.

WRIT OF MANDATE.—The writ of mandate will not issue commanding a justice of the peace to certify a cause pending before him to the District Court for trial, on the ground that the question to be tried by the justice involves the possession of real property.   In such case the party has his remedy by appeal.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Wallace J. Horton brought an action against the plaintiff Clark, before W. M. Minnis, a justice in Cache Creek

Township, Yolo County, to recover two hundred dollars damages, which he alleged he had sustained by defendant's cattle having trespassed on a tract of land. The defendant, in his answer, set up that he was at the time of the alleged trespass in the possession of the land, and that the question of the possession of real property was involved in the action, and asked that the cause be transferred to the District Court for trial. The justice refused to make the transfer and rendered a judgment in favor of the plaintiff. The defendant Clark applied to the District Court for a writ of mandate compelling the justice to make the transfer. The court ordered the writ to issue, and the justice appealed.

*J. C. Ball and Castillo Ball,* for the Appellant.

*S. G. Harper,* for the Respondent.

By the COURT:

1. The writ of mandamus should not be issued in any case in which there is a plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., Sec. 1086.)

2. The action was properly brought in the justice's court in the first instance, and admitting that it afterwards became the duty of that court, by reason of matter set up in the answer of Clark, the defendant there, to suspend all further proceedings in the case, and certify the pleadings to the District Court under the provisions of section 838 of the same Code, its refusal to do so, if followed by a judgment against the defendant, would be subject to review by appeal to the County Court, under section 974 of that Code. The last-named section provides that any party dissatisfied with a judgment rendered in a civil action in a justice's court may appeal therefrom to the County Court at any time within thirty days after the rendition of the judgment, and (Sec. 980) upon such an appeal the County Court may review all orders affecting the judgment appealed from, including, of course, the order refusing to transfer the cause; and may, in a proper case, direct the justice to enter an order transferring the cause. This is a plain, speedy and

adequate remedy, which would afford the petitioner the specific relief he now seeks, and the writ issued by the court below in this case, therefore, should not have been issued.

Judgment reversed and cause remanded, with directions to enter judgment dismissing the writ.