## DAVIS v. LAMB et al.

### No. 15,293; December 21, 1893.

#### 35 Pac. 306.

Administrator.—A Judgment in an Action Against an Administrator that is entered against him personally will be corrected on appeal therefrom, as the error is one that is apparent on the judgment-roll.

Administrator.—A Judgment in an Action Against an Administrator that is made immediately enforceable will be corrected on appeal therefrom so as to make it payable "in due course of administration," as required by Code of Civil Procedure, section 1504, as the error is one that is apparent on the judgment-roll.

Appeal.—A Judgment in an Action on a Note for a Sum Larger than the principal and interest due on the note will be corrected on appeal therefrom, as the error is one that is apparent on the judgment-roll.

Appeal.—The Denial of a Motion for a New Trial on the Ground of insufficiency of evidence will not be reviewed where the bill of exceptions on which the motion was made contains no exception on that ground, and no specification of any particular in which it is claimed the evidence was insufficient.

Administrator.—In an Action, Tried Before the Court, on a note guaranteed by defendant's intestate, error cannot be predicated on the consideration of the note as evidence, on the ground that it had been altered after intestate's death, where no objection was offered to its admission on such ground, and the court found the note in the form in which it was made.

Administrator.—In an Action, Tried Before the Court against an administrator on a note guaranteed by his intestate, the court's refusal to open the case after taking it under advisement, to permit the administrator to show that he demanded the production of the original note when the claim was presented to him, is a proper exercise of discretion, when it does not appear that the claim was rejected because of the nonproduction of the original.

APPEAL from Superior Court, Alameda County; F. W. Henshaw, Judge.

Action by Joseph Davis against George W. Lamb, administrator of the estate of William H. Lamb, deceased, and another, on a promissory note. Judgment for plaintiff. Defendant Lamb appeals. Modified.

Welles Whitmore for appellant; Marcus Rosenthal for respondent.

VANCLIEF, C.—Action on a promissory note made by the defendant Larabee to A. Davis & Son, and indorsed by the decedent as guarantor. The plaintiff is a member of the firm of A. Davis & Son, and sues as assignee of the note. The defendant Larabee was not served with summons. The court found in favor of plaintiff on all the issues of fact, and, among other things, found the note to have been made and indorsed in the following form:

"$400.00.                    San Francisco, Oct. 19, 1889.

"Two months after date ——— promise to pay to the order of A. Davis & Son four hundred dollars, for value received, with interest at ——— per cent per ——— from ——— until paid, both principal and interest payable only in United States gold coin; and in case suit is instituted to collect this note, or any portion thereof, ——— promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit.

"C. E. LARABEE."

As conclusions of law the court found as follows:

"(1) That by the terms of said promissory note the defendant Larabee promised to pay to the order of said A. Davis & Son, two months after its date, the sum of four hundred dollars, with interest thereon from its date at the rate of seven per cent per annum, and, in case suit should be instituted to collect said note or any part thereof, such additional sum as the court should judge reasonable as attorney's fees in such suit.   (2) That the said note was a non-negotiable instrument, and the said William H. Lamb, by such indorsement, became a guarantor of such note, and guaranteed the payment by said Larabee of the amount of said note.   (3) That by reason thereof the plaintiff is entitled to judgment against the de-

fendant George W. Lamb, as administrator of the estate of William H. Lamb, deceased, for the sum of four hundred dollars, with interest thereon at the rate of seven per cent per annum from the 19th day of October, 1889, and costs of suit, such judgment to be payable in the course of administration of the estate of the said William H. Lamb, deceased; and it is ordered that judgment be entered accordingly.

"Done in open court this 14th day of May, 1892,

"F. W. HENSHAW,
"Judge."

Thereafter, on June 13, 1892, the clerk entered judgment on the findings as follows:

"Wherefore, by reason of the law and by the finding aforesaid, it is by the court here ordered, adjudged, and decreed that plaintiff do have and recover of and from the defendant George W. Lamb the sum of five hundred and twenty-six and 40/100 dollars, and costs taxed at $72.00.

"Judgment entered June 13, 1892.

"JAMES E. CRANE,
"County Clerk.
"By ROBERT EDGAR,
"Deputy Clerk."

The defendant Lamb appeals from the judgment and from an order denying his motion for a new trial.

Unquestionably, the judgment is erroneous in the following respects: First, it is against George W. Lamb personally, whereas it should have been against him as administrator of the estate of William H. Lamb, deceased, in which character he is sued; second, it is enforceable immediately, instead of being payable "in due course of administration," as required by section 1504 of the Code of Civil Procedure; third, it is for a sum ($526.40) exceeding the amount of the principal and interest of the note at the time it was rendered by about $53. All these errors are plainly apparent on the judgment-roll, and may be corrected on the appeal from the judgment. On the appeal from the order denying the motion for a new trial, however, no error is made to appear. The motion was made on a bill of exceptions, proposed and settled after judgment, which contains no exception on the ground of insufficiency of the evidence, and no specification of any particular in which it is claimed the evidence is insufficient. Nor

does the bill of exceptions show on what ground the new trial was asked. A paper purporting to be a notice of motion for a new trial is printed in the transcript, but it is not in, nor referred to by, the bill of exceptions, nor does it purport to have been served; and, since it is no part of the judgment-roll, it forms no part of the authenticated record. It must be presumed, therefore, that the evidence justified the findings of fact: Jones v. Shay, 50 Cal. 509; Watson v. Railroad Co., 50 Cal. 523; Bonner v. Quackenbush, 51 Cal. 180; Perham v. Kuper, 61 Cal. 331; Coglan v. Beard, 67 Cal. 304, 7 Pac. 738. The bill of exceptions sufficiently specifies several alleged errors in law.

1. It is claimed that the note sued on should have been rejected and held void, for the reason that it had been altered after the death of William H. Lamb. In the note, as set out in the complaint, all the blanks appearing in it, as found by the court, are filled in so that instead of reading, "with interest at ——— per cent per ——— from ——— until paid," as found by the court, it reads as follows: "With interest at four per cent per month from date until paid." In this form, with the blanks so filled, the note was offered in evidence by plaintiff, and admitted by the court without objection, on the ground that it had been altered by filling these blanks, though it was objected to on other grounds not tenable. After it had been admitted in evidence, it appeared by other evidence on the part of the plaintiff, including the testimony of the plaintiff himself, that these blanks had been filled after the death of William H. Lamb; and one of the plaintiff's witnesses testified that all the alterations were in the handwriting of the plaintiff. Thereupon plaintiff testified that he did not make nor authorize the alterations, and made an explanation of how they might have been made without his fault or knowledge, which explanation, it must be admitted, seems lame and unsatisfactory. Yet the defendant did not move to strike out the note, nor make any objection to it, on the ground that it had been altered by filling the blanks. As we have seen, the court found the note in the form in which it was made, disregarding the alterations; and, in the absence of any specification of insufficiency of evidence, it must be presumed that the evidence justified this finding; and, since there was no objection to the note as evi-

dence on the ground that it had been altered by the filling of the blanks, the court did not err in considering it as evidence.

2. The case was submitted to the court on briefs to be filed by both parties within twenty days. After the briefs had been filed, and while the court held the case under advisement, the defendant's attorney moved to open the case for the admission of additional evidence on the issue as to whether the defendant had demanded the production of the original note at the time a copy of it was presented to him, as administrator, for allowance; and it is contended that the court erred in denying this motion, but I think otherwise. The proposed additional evidence was merely cumulative. Besides, it does not appear that the claim was rejected by the administrator on the ground that the original note was not presented. Under the circumstances, I think the refusal of the court to open the case was clearly within the bounds of its discretionary power, and not an abuse of such power.

The other points made by appellant are not sufficiently plausible to require special consideration. I think the cause should be remanded, with instructions to the court below to modify the judgment as indicated in this opinion; and, although this relief might have been obtained by motion in the trial court, I think, upon consideration of all the circumstances, the costs of the appeal should be taxed to respondent.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the cause is remanded, with instructions to the court below to modify its judgment as above indicated, and, as so modified, the judgment and order are affirmed. The costs of the appeal are to be taxed to respondent.