[No. 15453. Department One.—May 24, 1895.]

# FRANK P. ADAMS, RESPONDENT, *v.* LOUIS HELBING, APPELLANT.

NEW TRIAL—DECISION AGAINST LAW—FAILURE TO FIND UPON MATERIAL ISSUE—REVIEW UPON APPEAL.—When the court rendering judgment fails to find upon a material issue, the decision is against law, and may be reviewed upon appeal from an order granting or refusing a new trial.

ID.—OMISSION TO FIND UPON ISSUE RENDERED IMMATERIAL.—Where the complaint sets forth two or more grounds for relief, either of which is sufficient to support a judgment in favor of the plaintiff, a finding upon one of such issues is sufficient to sustain a judgment, and a failure to find upon the other issue does not render the decision against law, and is not ground for a new trial.

ID.—FORCIBLE ENTRY AND DETAINER—SUFFICIENCY OF FINDING.—Where a complaint charges both a forcible entry and a forcible detainer a finding that the plaintiff was the owner and in possession of the property should be construed to import that he was in the actual and peaceable possession thereof at the time when he was forcibly removed therefrom, and that he was entitled to the possession at the time of the forcible detainer; and the finding being sufficient to support a judgment for forcible detainer, it is immaterial whether it is sufficient to support a judgment upon the ground of forcible entry.

ID.—REVIEW OF EVIDENCE—INSUFFICIENT SPECIFICATIONS.—Specifications of the insufficiency of the evidence which are merely brief statements of what the evidence shows are insufficient.

ID.—SURPLUSAGE—STATEMENT OF WHAT EVIDENCE SHOWS.—It is not necessary that a specification in a statement on motion for a new trial should state what the evidence does show, and such a statement is insufficient if standing alone, and surplusage if joined to a proper specification.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Thomas E. Curran,* for Appellant.

There is no finding as to the actual and peaceable possession of the building alleged to have been forcibly entered, and such finding is essential. (*Castro* v. *Tewksbury,* 69 Cal. 562; *Treat* v. *Stuart,* 5 Cal. 113; *House* v. *Keiser,* 8 Cal. 501; *McCauley* v. *Weller,* 12 Cal. 524; *Giddings* v. *'76 Land & Water Co.,* 83 Cal. 100; *Cummins* v. *Scott,* 23 Cal. 527; *Barlow* v. *Burns,* 40 Cal. 351; *Conroy*

v. *Duane,* 45 Cal. 601.)　Omission to find upon a material issue is a decision against law.　(*Spotts* v. *Hanley,* 85 Cal. 168; *Brown* v. *Burbank,* 59 Cal. 533; *Soto* v. *Irvine,* 60 Cal. 436.)　Title and right of possession are wholly immaterial in forcible entry and detainer.　(*Emsley* v. *Bennett,* 37 Iowa, 17; *Dilworth* v. *Fee,* 52 Mo. 130, 133; *Settle* v. *Henson,* 1 Morris, 111, 112; *Lorimier* v. *Lewis,* 1 Morris, 253, 254; 39 Am. Dec. 461; *Krevet* v. *Meyer,* 24 Mo. 107; *Craig* v. *Donnelly,* 28 Mo. App. 342.)　A finding of actual and peaceable possession cannot be implied.　(*Campbell* v. *Buckman,* 49 Cal. 362; *North Pac. R. R. Co.* v. *Reynolds,* 50 Cal. 90; *Dowd* v. *Clarke,* 51 Cal. 262; Deering's Code Civ. Proc., note to sec. 633.)

*Stafford & Stafford,* for Respondent.

The finding of ownership and possession is sufficient, and the possession need not be personal.　(*Cahoon* v. *Marshall,* 25 Cal. 201; *Gray* v. *Collins,* 42 Cal. 157; *Giddings* v. *'76 Land & Water Co.,* 83 Cal. 99; *Goodrich* v. *Van Landigham,* 46 Cal. 601; *Minturn* v. *Burr,* 16 Cal. 107, 110; *Shelby* v. *Houston,* 38 Cal. 410; *Wilson* v. *Shackelford,* 41 Cal. 630.)　The omission to find was not material, since the finding omitted must have been adverse to appellant.　(*People* v. *Center,* 66 Cal. 564; *Hutchings* v. *Castle,* 48 Cal. 156; *Murphy* v. *Bennett,* 68 Cal. 530; *McCourtney* v. *Fortune,* 57 Cal. 617; *Gillespie* v. *Lake,* 85 Cal. 402.)　The facts in this case bring it within sections 1159 and 1160 of the Code of Civil Procedure, and ·defendant was guilty both of forcible entry and forcible detainer.　(*Dickinson* v. *Maguire,* 9 Cal. 50; *Brawley* v. *Risdon Iron Works,* 38 Cal. 677.)

BELCHER, C.—This is an action of forcible entry and detainer.　The plaintiff had judgment, and the defendant appeals from an order denying his motion for a new trial.

It is alleged in the complaint that on the twentieth day of August, 1889, the plaintiff was, and had been for five days previous thereto, the owner and in the actual

possession of a certain building, situated on the south side of McAllister street, in San Francisco, and known as number 1911 McAllister street, and that on the day named, " while the plaintiff was in peaceable and actual possession thereof, the defendant unlawfully, violently, and without cause ejected the plaintiff and his tenant of said building then and there being, and took possession of and has ever since held .possession of said building forcibly and against the will of plaintiff."

The answer " denies that the said plaintiff had been for five days previous to August 20, 1889, or is now, or ever has been, in the actual or any other possession of the premises in said second amended complaint described; denies that on the twentieth day of August, 1889, or at any time, or at all, upon said building and premises, while plaintiff was in the peaceable or actual possession thereof, or otherwise, or at all, the defendant unlawfully or violently, or without cause, ejected plaintiff or his tenant of said building, or took possession of, or has ever since held possession of, said building forcibly or against the will of plaintiff, or otherwise, except as hereinafter set forth."

The answer then alleges that, prior to the commencement of the action, plaintiff and defendant entered into a contract for the erection and construction of a building on the land of the plaintiff on the south side of McAllister street, and known as No. 1911 McAllister street, in San Francisco, and "that on or about the twentieth day of August, 1889, while defendant was engaged in the erection and construction of said building in pursuance of said contract, and before the completion of said building, the said plaintiff unlawfully and illegally entered in and upon the said building and attempted to eject the defendant and oust him from the possession thereof, and prevent the performance of the said contract by said defendant; that defendant was compelled to, and did, oust and eject the said plaintiff from the said premises, using no more force than was reasonably necessary."

The court found that " on August 15, 1889, the plaintiff was owner and in possession of the real estate and premises designated as No. 1911 McAllister street, in the city and county of San Francisco, and was such owner and in possession thereof on the twentieth day of the same month, on which last-mentioned day the defendant, by force and violence, removed the plaintiff from the possession thereof, and from thence hitherto has, by force and menace, and against the will of the plaintiff, kept the plaintiff out of the possession of said premises, and in like manner still detains the possession of said premises from the plaintiff."

1. The notice of motion for new trial stated that the motion would be made upon the ground of the insufficiency of the evidence to justify the decision, and that it was against law.

It is claimed that the decision was against law, because to maintain the action it was necessary for the plaintiff to show that he was in the actual and peaceable possession of the house at the time of the alleged entry and ouster, and that the findings are silent as to whether such was the fact or not.

It has been several times held that when a court renders judgment, but fails to find upon a material issue, the decision is against law, and may be reviewed on appeal from an order granting or refusing a new trial. (*Knight* v. *Roche*, 56 Cal. 15; *Spotts* v. *Hanley*, 85 Cal. 168; *Brison* v. *Brison*, 90 Cal. 328.)

The question then is, Were the findings in this case so defective as to make the decision one against law?

The Code of Civil Procedure contains the following provisions:

" SEC. 1159.  Every person is guilty of a forcible entry who . . . . by any kind of violence or circumstance of terror, enters upon or into any real property."

" SEC. 1160.  Every person is guilty of a forcible detainer who . . . . by force, or by menaces and threats of violence, unlawfully holds and keeps the possession

of any real property, whether the same was acquired forcibly or otherwise."

" SEC. 1172.   On the trial of any proceeding for any forcible entry or forcible detainer the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer."

The complaint charges both a forcible entry and forcible detainer, and the finding that the plaintiff was the owner and in possession of the property should be construed, we think, to import that he was in the actual and peaceable possession thereof at the time he was forcibly removed therefrom, and certainly that he "was entitled to the possession at the time of the forcible detainer."

But conceding that the finding was insufficient to support a judgment for forcible entry, still as it was sufficient to support a judgment for forcible detainer, the order appealed from cannot be reversed on this ground; for, as said in *Brison* v. *Brison,* 90 Cal. 328: " If the complaint, as in the present instance, sets forth two or more grounds for relief, either of which is sufficient to support a judgment in favor of the plaintiff, a finding upon one of such issues is sufficient, and a failure to find upon the other does not constitute a mistrial or render the decision 'against law.'"

2.  It is also claimed that the findings were not justified by the evidence, but this point cannot be considered.   The only specifications attached to the statement are found under the head of "Specification of Errors," and are brief statements of what "the evidence shows." Such specifications are insufficient.   " It is not necessary that the specification should state what the evidence does show.   Such a statement is insufficient if standing alone, and surplusage if joined to a proper specification." (Hayne on New Trial and Appeal, sec. 150; and see

*Spotts* v. *Hanley, supra,* where the above language is quoted and approved.)

The order appealed from should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.

Hearing in Bank denied.