### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF CALIFORNIA.

[No. 18331.   Department Two.—November 7, 1895.]

## GEORGE F. WITTENBROCK, RESPONDENT, v. WILLIAM H. CASS, ADMINISTRATOR, ETC., ET AL., APPELLANTS.   D. E. ALEXANDER ET AL., INTERVENORS.

TRUST—STATUTE OF FRAUDS—VERBAL AGREEMENT.—A verbal agreement between a mother and son that he and his family should live with her on premises which she had bought and paid for with her own money, and that he should have the title thereto after her death, provided that he would pay the taxes and insurance on the property and keep the house in good repair, and would furnish her with all necessary care and with board and lodging during her life, does not, upon the performance of the conditions, raise a constructive trust which is excepted from the rule that a trust in realty can only be created by an instrument in writing, and the alleged verbal agreement cannot be enforced as against a mortgage executed by the mother for money loaned, although the mortgagee had notice of the verbal agreement.

ID.—DEPOSIT OF DEED IN ESCROW—PAROL EVIDENCE OF CONDITIONS.—In an action to foreclose the mortgage to which the son was a party, evidence is admissible to show that the mother executed to him a deed of the property prior to the mortgage, and placed it in the hands of another person as a depositary, to be delivered after her death, and that the mortgagee had notice of the execution and deposit of the deed at the time he received his mortgage; and parol evidence is admissible to show all the facts and conditions upon which the deed was deposited.

ID.—VALIDITY OF DEED DELIVERED IN ESCROW—INTENTION OF GRANTOR—QUESTION OF FACT.—The essential requisite to the validity of a deed transferred in escrow under such circumstances is, that when placed in the hands of a third party it has passed beyond the power of the grantor for all time, and that question is to be determined by the grantor's intention in the matter, and is a question of fact to be solved by the light of all the circumstances surrounding the transaction.

CX. CAL.—1 (1)

APPEAL from a judgment of the Superior Court of the County of Sacramento and from an order denying a new trial. MATT F. JOHNSON, Judge.

The facts are stated in the opinion.

*Johnson & Johnson,* for Appellants.

Where the circumstances of a transaction are such that the person who takes the title to property cannot be permitted to hold and enjoy it, in whole or in part, without necessarily violating some principle of equity, a constructive trust will be raised for the benefit of the party éntitled in equity to its beneficial enjoyment; and such trusts are excepted from the operation of the statute of frauds. (Story's Equity Jurisprudence, sec. 1195; *Millard* v. *Hathaway,* 27 Cal. 139; *Mandeville* v. *Solomon,* 33 Cal. 44; *Brison* v. *Brison,* 75 Cal. 525; 7 Am. St. Rep. 189; *Wood* v. *Rabe,* 96 N. Y. 426; 48 Am. Rep. 640; *Hayne* v. *Hermann,* 97 Cal. 259; *Nordholt* v. *Nordholt,* 87 Cal. 552; 22 Am. St. Rep. 268; *Alaniz* v. *Casenave,* 91 Cal. 41; *Adams* v. *Lambard,* 80 Cal. 426; *De Mallagh* v. *De Mallagh,* 77 Cal. 126; *Broder* v. *Conklin,* 77 Cal. 330; *Butler* v. *Hyland,* 89 Cal. 575; *Jackson* v. *Jackson,* 94 Cal. 446.) The conveyance became the grantor's deed presently, and upon the death of Mrs. Cass, the grantor, the title of appellant passed, by relation, from the time the instrument was placed in the hands of the depositary. (Devlin on Deeds, secs. 319, 320; *Wheelwright* v. *Wheelwright,* 2 Mass. 447; 3 Am. Dec. 66; *Hatch* v. *Hatch,* 9 Mass. 307; 6 Am. Dec. 67; *Foster* v. *Mansfield,* 3 Met. 412; 37 Am. Dec. 154; *Mather* v. *Corliss,* 103 Mass. 568; *Hathaway* v. *Payne,* 34 N. Y. 92; *Stephens* v. *Rhinehart,* 72 Pa. St. 434; *Stone* v. *Duvall,* 77 Ill. 475; *Wallace* v. *Harris,* 32 Mich. 380; *Thatcher* v. *St. Andrew's Church,* 37 Mich. 264.) As the plaintiff took his mortgage with full notice of the execution of the deed and its deposit with Davis, he acquires no title to or lien in the premises as against appellant, who was the prior grantee. (*McDonald* v. *Huff,* 77 Cal. 279; *Cannon* v. *Handley,* 72

Cal. 133; *Conneau* v. *Geis,* 73 Cal. 176; 2 Am. St. Rep. 785; Civ. Code, sec. 1217; *Boyd* v. *Brinckin,* 55 Cal. 427.)

*Holl & Dunn,* for Respondent.

The verbal promise of Maria Louisa Cass to convey her land to her son cannot be enforced as such, as it is within the statute of frauds. (Civ. Code, secs. 852, 1624, 1741; Code Civ. Proc., secs. 1971, 1973; *Gallagher* v. *Mars,* 50 Cal. 23; *Porter* v. *Muller,* 53 Cal. 677.)   The essential element to create a constructive trust is, that fraud, either actual or constructive, must have intervened.   (*Noe* v. *Roll,* 134 Ind. 115; Pomeroy's Equity Jurisprudence, sec. 1044.)   The mere failure to fulfill a promise is not fraud.   (*Perry* v. *McHenry,* 13 Ill. 236; *Wheeler* v. *Reynolds,* 66 N. Y. 234; *Levy* v. *Brush,* 45 N. Y. 589; *Burden* v. *Sheridan,* 36 Iowa, 125; 14 Am. Rep. 505; *Cowan* v. *Wheeler,* 25 Me. 267; 43 Am. Dec. 283; *Boyd* v. *Stone,* 11 Mass. 348.)   Such promises as were made, under the circumstances here disclosed by the cross-complaint, never were held sufficient to take the case out of the statute of frauds.   (*Wheeler* v. *Reynolds,* 66 N. Y. 227; *Horn* v. *Keteltas,* 46 N. Y. 610; *Sturtevant* v. *Sturtevant,* 20 N. Y. 39; 75 Am. Dec. 371; *Evans* v. *Folsom,* 5 Minn. 422; *Melton* v. *Watkins,* 24 Ala. 433; 60 Am. Dec. 481; *Scott* v. *Bush,* 26 Mich. 418; 12 Am. Rep. 311.)

BELCHER, C.—On March 7, 1892, Maria Louisa Cass borrowed of the plaintiff two thousand dollars, for which she executed to him her promissory note and a mortgage to secure payment of the same on certain real property in the city of Sacramento.   Mrs. Cass died in May, 1892, and thereafter the defendant, William H. Cass, was duly appointed administrator of her estate.   In March, 1893, plaintiff commenced this action to foreclose his said mortgage, making William H. Cass, as administrator and individually, a party defendant.

The case was tried and judgment of foreclosure rendered as prayed for, from which and from an order deny-

ing his motion for a new trial the defendant appeals. The defendant answered the complaint, and then, by way of cross-complaint, set up in substance the following facts: That Maria Louisa Cass was the mother of defendant, and in October, 1882, was seventy-two years of age, infirm in body, without a home, and greatly in need of care and attention; that she had about three thousand seven hundred dollars in money and no other property; that then and there it was agreed between her and defendant that she should purchase in her own name and with her own means a certain lot in the city of Sacramento, and erect a dwelling-house thereon sufficient to accommodate her and defendant and his family, and that after the house should be constructed she and he with his family should move into the same and thenceforth live together; that he should pay the taxes and insurance upon the property and keep the house in good repair, and should furnish her with all necessary care and with board and lodging, and attend her in sickness and in health during her natural life; and that in return therefor she should execute to him a deed of the premises, which should be held in escrow until her death, and should also make a will devising to him all her property and estate, and that she would not in any manner sell, transfer, mortgage, or incumber the said property.

That in pursuance of the aforesaid agreement Mrs. Cass purchased the said lot and erected a dwelling-house thereon at an expense to her of between nineteen hundred and two thousand dollars, and she and defendant with his family moved into the said house and took up their residence there about February 1, 1883, and defendant and his family have ever since resided in said house.

That defendant has in all respects fulfilled said agreement on his part, and has expended in the payment of taxes, insurance, and repairs upon said premises the sum of seven hundred and fifty dollars and upwards. That Mrs. Cass, in pursuance of the said agreement, made her

will devising and bequeathing to defendant all of her property and estate, and also executed to defendant a deed of the said real property, which deed, together with said will, was left in escrow with one Richmond Davis of Sacramento.

That in 1885 Mrs. Cass represented to defendant that she had expended all her money remaining after the purchase of the said lot and the construction of the said house, and that she needed more money for present use; she requested him to advance her money from time to time, and he, on her representation that she had executed a deed of the property to him and placed the same with said Richmond Davis, advanced to her about two hundred and seventy-five dollars.

That in March, 1892, Mrs. Cass, being then feeble in mind and body, executed to the plaintiff the mortgage set out in the complaint, in violation of her agreement with defendant, and without his knowledge or consent, and prior to the execution thereof the plaintiff had full and complete notice of the facts set forth in this cross-complaint.

At the trial defendant offered to prove all the facts set up in his cross-complaint, and, it appearing that the alleged agreement between defendant and his mother was not in writing, all of the offered evidence was objected to as irrelevant, immaterial, and incompetent, and excluded by the court, the plaintiff reserving exceptions.

1. Appellant contends that the court erred in excluding his offered evidence as to the verbal agreement, etc., between himself and his mother, because, if the facts alleged were true, a constructive trust was created in his favor, which was superior to any rights in the property acquired by respondent. (Citing *Brison* v. *Brison*, 75 Cal. 525; 7 Am. St. Rep. 189, and other cases.)

We do not think this contention can be sustained. It is true that a constructive trust arises by operation of law, and is expressly excepted from the rule that a trust in realty can only be created by an instrument in writing (Civ. Code, sec. 852); and whenever one person

acquires from another the title to real property by fraud, actual or constructive, practiced upon that other, a constructive trust is created which a court of equity will fasten upon the title in his hands. (*Hayne* v. *Hermann,* 97 Cal. 259.)

This, however, is not such a case as that supposed. Mrs. Cass did not acquire the title to the property in question from her son, nor with his money. She bought the property and paid for it with her own money, and simply agreed with him that he and his family should live with her on the premises, and should have the title thereto after her death, provided he would pay the taxes and insurance on the property, and keep the house in good repair, and would furnish her with all necessary care and with board and lodging during her life.

All of these conditions were performed, but that fact does not, in our opinion, bring the case within the rule declared in any of the cases cited.

2. Appellant further contends that the court erred in excluding the evidence offered to show that Mrs. Cass executed to him a deed of the said property and placed it in the hands of one Davis as a depositary, to be delivered after her death, and also to show that respondent had notice of the execution and deposit of the deed at the time he received his mortgage.

This contention must be sustained. If the deed was executed and left with Davis, and respondent had notice thereof, as claimed, then it was immaterial whether the prior agreement between the parties was verbal or written, and parol evidence to prove all the facts was admissible.

The case of *Bury* v. *Young,* 98 Cal. 446, 35 Am. St. Rep. 186, is in many respects very similar to this. In that case the authorities were quite fully reviewed, and it was held that the delivery of a deed by the grantor to a third party for the children of the grantor, with instruction to such third party to hold the deed for them without recording it until after the grantor's death, and thereupon to deliver it to them, the grantor parting with

all dominion over the deed and reserving no right to recall it, or to alter its provisions, or to have or enjoy any other or further interest in the premises than to hold the use thereof until his death, constitutes a valid delivery of the deed, which vests the title immediately in the grantee, qualified only by a life tenancy in the grantor, and the depositary becomes the trustee of the grantee.

It was further held that the essential requisite to the validity of a deed, transferred under such circumstances, is that when placed in the hands of a third party it has passed beyond the control of the grantor for all time, and that that question is determined by the grantor's intention in the matter, and is a question of fact to be solved by the light of all the circumstances surrounding the transaction.

It is not necessary to notice the claims of the intervenors. Upon the authority of *Bury* v. *Young, supra,* the judgment and order should be reversed and the cause remanded for a new trial.

BRITT, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

TEMPLE, J., HENSHAW, J.

McFARLAND, J., concurred on the authority of *Bury* v. *Young, supra,* which must now be taken as final on the subject.