[S. F. No. 1785.   Department Two. — November 29, 1901.]

## JOHN H. WISE, Appellant, v. JOEL EVELAND, Respondent.

EJECTMENT — LANDLORD AND TENANT — ATTORNMENT. — The holder of the legal title may maintain ejectment against a tenant who has denied his title and wrongfully attorned to another claimant, who has no title to the demanded premises.

ID. — ATTORNMENT TO DIVORCED WIFE — INJUNCTION AGAINST HUSBAND — EXCEPTION OF "ORDINARY BUSINESS" — DEED TO PLAINTIFF TO PAY DEBT — CASE AFFIRMED. — Where the defendant had attorned to a divorced wife, who had sold her husband's property in a divorce suit, in which the husband had been enjoined from disposing of his property pending the suit, with the exception that he might carry on his "usual and ordinary business," and the court found against the defendant on the denials of his answer, and on the defense of attornment found that the husband had, pending such suit, conveyed the property in dispute to the plaintiff, without fraud, to pay a *bona fide* debt, such finding shows title in the plaintiff, and not in the wife, and the attornment of the defendant to her is not a sufficient defense. (*White* v. *Wise, ante,* p. 613, affirmed.)

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial.   J. M. Mannon, Judge.

The facts are stated in the opinion of the court and in the opinion in the case of *White* v. *Wise, ante,* p. 613.

Seawell & Pemberton, for Appellant.

William T. Baggett, Linforth & Whitaker, W. H. Linforth, and J. Q. White, for Respondent.

THE COURT. — The appeal here is from the judgment and from an order denying the plaintiff's motion for a new trial, but the case may be disposed of on the appeal from the judgment. The suit was brought to recover the land described in the complaint (which is the same as that involved in *White* v. *Wise, ante,* p. 613), and damages for detention. The complaint alleges the plaintiff's ownership of the land, the execution of various leases to the defendant, — the last of date November 1, 1895, for the term of one year, — the wrongful withholding of the land by him, and that the value of the premises while so

withheld was five hundred dollars. The answer of the defendant denies the plaintiff's ownership, and admits the execution of the leases, but denies that he took possession of the premises from plaintiff or as his tenant, or that he has ever held possession under the leases, or that he wrongfully withholds the land, or that the value of the premises during the time referred to in the complaint was five hundred dollars or any sum; and as affirmative matter, it sets up the facts alleged in the complaint in *White* v. *Wise, ante,* p. 613), and that prior to the commencement of the action defendant had attorned to the plaintiff in that case on her demand. The court found adversely to the plaintiff on the issues made by the denials of the answer, with the exception that it found the value of the rents and profits to be $150 per year from the first day of November, 1896; but on the affirmative defense, it found the facts as found in *White* v. *Wise, ante,* p. 613. The case, therefore, is, in principle, the same, and the decision there must be decisive of this case.

The judgment is reversed and the cause remanded.

Hearing in Bank denied.