[No. 45.   Third Appellate District.—July 5. 1905.]

SARAH C. HAYDEN, Incompetent, by A. L. Westing, Guardian, Respondent, v. F. H. COLLINS, Appellant.

EJECTMENT AGAINST TENANT AT WILL—TERMINATION OF TENANCY—NOTICE TO QUIT—REFUSAL TO SURRENDER POSSESSION—UNLAWFUL DETAINER.—A complaint alleging plaintiff's ownership and right of possession of the premises described, that a tenancy at will of the defendant had been determined by notice, and that defendant after three days from the notice to quit refused to quit the premises, and still occupies the same, and stating the rental value of the premises, and praying for restitution thereof, for treble damages, and for costs, states a cause of action in ejectment and for relief which may be granted in such action; and it is immaterial in the absence of any ambiguity or uncertainty that the facts stated may also show a cause of action in unlawful detainer.

ID.—ISSUES AS TO TITLE—FINDINGS AND JUDGMENT—UNTENABLE OBJECTION.—Where defendant took issue upon plaintiff's ownership and right of possession and set up title in himself, the issues were properly involved and tried in the action of ejectment; and

where findings and judgment thereupon were in favor of plaintiff, the objection of defendant that title could not be tried or found in an action of unlawful detainer must be deemed inapplicable.

ID.—DEED FROM PLAINTIFF TO DEFENDANT—DELIVERY ESSENTIAL TO TITLE—INSUFFICIENT ESCROW—TESTAMENTARY DISPOSITION.—Conceding that a deed from plaintiff to defendant was sufficient in form, it did not pass title where there was no delivery with that intent. A delivery in escrow was not sufficient where it was not irrevocable, and the deed was not intended to take effect until after her death, and was in fact revoked by her, and when last seen was found in her possession. The law does not allow a testamentary disposition by deed.

ID.—AGREEMENT TO DEVISE PROPERTY—INSUFFICIENT PROOF.—An agreement to devise property from plaintiff to the defendant must be established by clear and convincing evidence; and where the evidence is vague and unsatisfactory as to the terms of any agreement, and does not show a meeting of minds on any definite proposition, and shows that everything was dependent upon the plaintiff's will, and that defendant did not perform the expected services, equity cannot protect the defendant in possession by enforcing an agreement to devise.

ID.—POSSESSION BY PERMISSION—TENANCY AT WILL.—Where the defendant entered into the possession of the property of plaintiff by her permission, without valid agreement or transfer of title, he became a tenant at will of the plaintiff.

ID.—MOTIVES OR DESIRES OF GUARDIAN—CONVERSATIONS INADMISSIBLE.—The motives of the guardian and what he believed and desired were immaterial; and conversations between the guardian and the defendant and his wife were inadmissible, where it appears that the guardian had never talked with his ward about the matter in controversy, and knew nothing concerning it.

APPEAL from a judgment of the Superior Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Nicol & Orr, and E. P. Foltz, for Respondent.

McLAUGHLIN, J.—This action was brought to recover the possession of certain real property in the city of Stockton. The complaint was filed May 23, 1903, and the following facts are therein aptly and sufficiently stated: 1. The due appointment and qualification of the guardian; 2. That the action was brought in behalf of the incompetent; 3. "That said

Sarah C. Hayden is, and was at all times herein mentioned, the owner, and is now entitled to the possession of the premises''; 4. That on September 24, 1901, defendant "became a tenant at will of said premises," and "that he was at all times herein mentioned, and now is in possession thereof''; 5. That on April 2, 1903, said defendant was served with a notice in writing, signed by said incompetent, by her said guardian, requiring said defendant to quit said premises. and to deliver up possession of the same on or before May 3, 1903; 6. That on May 19, 1903, defendant was served with a similar notice, requiring him to quit and deliver up possession of said premises within three days after such notice; 7. "That said defendant has refused and neglected and still refuses and neglects to quit said premises, and still occupies the same''; 8. That the monthly rental value of the property is fifteen dollars. The prayer was for restitution of the premises, for treble damages, and costs of suit.

The demurrer was properly overruled. The arguments of counsel and the authorities cited, go to the sufficiency of the pleading as a *complaint in forcible entry and detainer, or unlawful detainer*. We are not concerned with technical questions as to the proper *designation* of an action. It is for us to determine whether the complaint states *any* cause of action entitling the plaintiff to *any* relief at law or in equity. (*Reiner* v. *Schroeder,* 146 Cal. 411, [80 Pac. 517] ; *Rogers* v. *Duhart,* 97 Cal. 505, [32 Pac. 570] ; *Grain* v. *Aldrich,* 38 Cal. 521, [99 Am. Dec. 423] ; *Walsh* v. *McKeen,* 75 Cal. 522, [17 Pac. 673].) In the complaint before us it is alleged that plaintiff is the *owner* and *entitled to the possession* of the premises; that the tenancy at will had been determined; and that defendant, after due notice, *refused to surrender possession,* and remained in the occupancy of said premises. These averments state a cause of action *in ejectment,* and the prayer is for the relief which may be granted in such an action. (Civ. Code, sec. 3345; *McKissick* v. *Ashby,* 98 Cal. 424, [33 Pac. 729] ; *Wise* v. *Eveland,* 134 Cal. 617, [66 Pac. 1082] ; *Holloway* v. *Galliac,* 47 Cal. 476; *Payne* v. *Treadwell,* 116 Cal. 243; *McCarthy* v. *Yale,* 39 Cal. 586; *Moore* v. *Morrow,* 28 Cal. 554.) In the absence of any ambiguity or uncertainty it is no objection that the facts stated may also show a cause of action in unlawful detainer, or, mayhap, to

quiet title. (*Adams* v. *Helbing,* 107 Cal. 302, [40 Pac. 422] ; *Brison* v. *Brison,* 90 Cal. 329, [27 Pac. 186].)

The defendant, answering, denied that plaintiff was the owner, or entitled to possession, and set up title in himself, under a conveyance executed by the incompetent August 24, 1902. He also claimed under an agreement to convey and make testamentary disposition to him of this and other property. The agreement so pleaded was considered by this court in another proceeding between the same parties, and it is, therefore, unnecessary to give its terms here. (See *Estate of Hayden, ante,* p. 75.) The cause was tried without a jury, and the court found in accordance with the averments of the complaint and against the averments contained in the answer. Judgment was entered decreeing that plaintiff have and recover possession with fifteen dollars damages and costs. The judgment also recited that the plaintiff was entitled to a writ of possession. From this judgment the plaintiff appeals upon a bill of exceptions. It is first contended that the court erred in admitting evidence pertinent to, and finding on, the question of ownership. This contention is based on the proposition that the title is not involved, and that evidence to show ownership is not admissible in actions of forcible entry and detainer or unlawful detainer. Conceding the premise, the conclusion does not follow. Title and right of possession are certainly involved in the case at bar. The parties made the issues, and the court could not limit the scope of the inquiry nor refuse to find on questions so clearly in dispute.

We have seen that the pleadings presented a case in ejectment, and no matter what the action might be styled or called, the court was compelled to admit the evidence and find on the issues so pointedly presented for trial and decision. (*Marshal* v. *Shafter,* 32 Cal. 176; *McCarthy* v. *Brown,* 113 Cal. 18, [45 Pac. 14] ; *Eva* v. *Symons,* 145 Cal. 202, [78 Pac. 648] ; *Nuttall* v. *Lovejoy,* 90 Cal. 167, [27 Pac. 69] ; *Estate of Toomes,* 54 Cal. 517, [35 Am. St. Rep. 83].) The case was evidently tried on the theory that title and right of possession were both involved, for the next contention of appellant to be noticed is, that the finding that plaintiff owns the property is not sustained by the evidence. This point is so intimately connected with assaults on the findings touching

the deed and agreement relied upon by appellant that all of these questions will be considered together. It is claimed that the evidence shows title and right of possession in appellant. This contention rests on the assumption that the existence and validity of both the deed and agreement were established. It seems to be admitted that the title is in plaintiff, unless it passed under one or the other of these alleged transfers or contracts.

The evidence relating to the execution of and property conveyed in the deed is far from satisfactory. But, granting that it was sufficient in form and substance, still it could not and did not pass title. Delivery with intent to pass title is essential to a valid conveyance of real property. (*Black* v. *Sharkey,* 104 Cal. 280, [37 Pac. 939] ; *Kenney* v. *Parks,* 137 Cal. 531, [70 Pac. 556].) Appellant admits that the deed was never delivered to him, but seems to rely on a delivery in escrow. But it is absolutely essential to the validity and effectiveness of a deed in escrow that it be delivered to a third person for the grantee, *beyond any power in the grantor to recall or revoke it.* The grantor must clearly and unequivocally evidence an intent and purpose to *part with the possession and control of the deed* for all time. In short, the delivery and transfer must be *irrevocable.* (*Bury* v. *Young,* 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338] ; *Kenney* v. *Parks,* 125 Cal. 146, [57 Pac. 772] ; *Wittenbrock* v. *Cass,* 110 Cal. 1, [42 Pac. 300].) Such was not the case here. The lawyer who drew the deed, and who says he held it to be delivered on the death of the grantor, could not remember anything Mrs. Hayden said touching this point so vital to the validity of an escrow. *He* evidently did not understand that it had been delivered to him beyond any power of recall, for he gave it to the grantor with other papers in his possession, *upon her request,* and apparently *without protest or question.* Mrs. Hayden certainly understood that it was under her control, for she *did recall it* and when last seen it was *in her possession.* Then there is another salient fact, not only pointing to the intent and purpose of the grantor, but showing the utter impotency of this alleged conveyance. The lawyer does remember that it was distinctly understood that the deed was not to *take effect until after Mrs. Hayden's death.* This clearly shows that there could have been no such delivery as is requisite to the validity of any deed. If that

deed was not effective as a conveyance during the life of the grantor, it could not become quick with life the moment she died. If delivery with intent to pass title was not accomplished in life, it certainly could not be accomplished after death. When annihilation as to this world and its concerns comes upon a person, all power to act is gone, and it is the wise policy of the law to frown upon any attempt to retain in eternity the power over property enjoyed in life. The law does not allow a testamentary disposition *by deed*. The deed which falls from the hands palsied by death is void, and equally void is any deed which remains under the control of the grantor until the cord of such control is severed by the final call. The essential element of delivery while power to deliver remains cannot be dispensed with. If the title does not vest when the deed is delivered, it does not vest at all.

The undisputed evidence shows that this was never intended, and therefore if the deed was ever made it did not pass title. It seems clear, however, that no agreement to make testamentary disposition of this or any other property was shown. Such agreements must be established by clear and convincing evidence. The services to be performed by the beneficiary must be such that they cannot be adequately compensated in money, and they must be fully performed by such beneficiary before full performance can be enforced. (*Owens* v. *McNally*, 113 Cal. 451 [45 Pac. 710] ; *McCabe* v. *Healy*, 138 Cal. 86, [70 Pac. 1008].) The evidence here is vague and unsatisfactory. Appellant seems to be at sea touching its most essential terms. He is sure that he was to get certain property, but whether he was to get title by present conveyance, by parol gift, by deed in escrow, or by will, is more than he can say. A thorough analysis and study of the evidence convinces us that nothing was said or done to indicate an *agreement*. There was no meeting of minds on any definite proposition made by any of the parties. Nothing is indicated more than that Mrs. Hayden at one time, probably intended to remember appellant in her will, or "do something for him." He came there at her request and lived with her. He had her house, rent free, the use of wood furnished from her property, and pursued the even tenor of his way, working at his trade most of the time. In fact, it seems that he went about his business in the usual way and devoted

but little time to her or her concerns. True, he boarded her for a time, but it seems that he kept an account against her for articles furnished. We are left groping touching the causes which induced a change, but it appears that about February 1, 1903, Mrs. Hayden employed a servant who waited upon her, and cooked for her employer and herself. Mrs. Hayden paid for the provisions and paid the servant. This and more is gleaned from his evidence, and from the same source we derive the knowledge that she was to give him the property *if she wanted to,* that everything was *dependent on her will.*

From the foregoing it is apparent that there was no agreement, and that if there was he failed in the performance thereof. But conceding that such an agreement existed, we have been cited to no law giving countenance to the proposition that an agreement of this kind could operate to deprive the incompetent of her property, or any rights pertaining thereto, *during her lifetime.* Equity will enforce the full performance of such contracts, where the beneficiary has fully performed his part of the agreement. But it will never compel performance by one party when there can be no certainty that the other party even intends to carry out the promises made by him. To tie up her property and deprive her of its enjoyment and use, while he remained free to do as he pleased, would be intolerable. (*O'Brien* v. *Perry,* 130 Cal. 528, [62 Pac. 927]; Civ. Code, sec. 3390.) Equality is equity, and there could be no equality of benefits or burdens if onerous restrictions were imposed upon one party to the agreement, while the other could perform or repudiate according to his pleasure, interest, or whim.

From the negative pregnant in the answer, aided by the decree of distribution introduced in evidence, it follows that the title was in Mrs. Hayden; and this, coupled with the above considerations as to the invalidity of both deed and agreement, points to the conclusion that the findings relating to ownership, possession, and the agreement are fully sustained by the evidence. The appellant entered and remained in possession by permission of the owner. This made him a tenant at will. (*Jones* v. *Shay,* 50 Cal. 509; Wood on Landlord and Tenant, p. 48.) The appellant did not deny that the notices to quit were served. His denial went only to the fact that Mrs. Hayden did not *herself* sign the notices.

We regard the other findings and all evidence relating to them as entirely immaterial. The motives of the guardian, what he believed or desired, had nothing whatever to do with the issues to be tried. There could be no prejudicial error if the findings and rulings in this regard were all wrong. (*Clavey* v. *Lord,* 87 Cal. 421, [25 Pac. 493]; *Costa* v. *Silva,* 127 Cal. 354, [59 Pac. 695]; *Grimbley* v. *Harrold,* 125 Cal. 31, [73 Am. St. Rep. 19, 57 Pac. 558]; *Corker* v. *Corker,* 87 Cal. 651, [25 Pac. 922].) The rulings on evidence relating to the execution and contents of the alleged deed were more than liberal to appellant; no doubtful question as to the admissibility of such evidence was resolved against him. The conversations between the guardian and Mr. and Mrs. Collins concerning the agreement were inadmissible. The self-serving declarations of either husband or wife would be plainly irrelevant, and if they were against appellant's interest the rulings were not prejudicial. The guardian had testified that he had never talked with Mrs. Hayden about the matter and knew nothing concerning it. It is obvious from this that anything he might say could not deprive his ward of her property or rights. The other rulings on evidence were so clearly right that it could serve no good or useful purpose to dwell upon them.

The judgment is affirmed.

Buckles, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on September 1, 1905.