[Civ. No. 5158. Second Appellate District, Division Two.—November 7, 1928.]

HERMAN R. MORRIS et al., Respondents, v. DORA A. TURLEY, Appellant.

Frank G. Tyrrell for Appellant.

Thomas S. Bunn and W. Blair Gibbens for Respondents.

CRAIG, J.—In 1923 the parties to this action constructed a division fence between their adjoining residence properties, of which they were in actual peaceable possession until and including January 21, 1925. On the date last mentioned four or five men employed by the appellant entered respondents' premises and removed said fence,

and in so doing broke and removed a portion of a concrete walk, and cut off and removed part of a composition arch which formed a portion of respondents' house. Although disputed by the parties, it was alleged by the plaintiffs, and the trial court found, that in rebuilding the fence the defendant deprived plaintiffs of a portion of their property. ■ This proceeding was thereafter instituted against the defendant under subdivision 1 of section 1159 and subdivision 1 of section 1160 of the Code of Civil Procedure, alleging forcible entry and forcible detainer. Judgment was rendered in favor of the plaintiffs, and the defendant appeals.

The portion of said sections relied upon by the plaintiffs provide, respectively, that:

"Every person is guilty of a forcible entry who either—

"1. By breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstances of terror enters upon or into any real property; . . .

"Every person is guilty of forcible detainer who either—

"1. By force, or by menace and threats of violence, unlawfully holds and keeps possession of any real property, whether the same was acquired peaceably or otherwise; . . . "

Appellant insists that the evidence presented did not justify a finding of forcible entry, or forcible detainer.

The findings of the trial court recite that "while the plaintiffs were so in possession of said land and premises, the defendant, with violence and a strong hand, and by the assistance of four or five men, entered upon the property in the possession of the plaintiffs and in a forcible manner removed the above mentioned fence from its then position and rebuilt it upon a new straight line, . . . ; that by the removal of said fence the defendant deprived the plaintiffs of, and the defendant did herself take, the possession of a wedge-shaped strip of land, having as its apex the point constituting the northwesterly corner of the above described lot . . . ; and that the defendant in the same manner and at the same time removed a portion of plaintiffs' building, and caused other portions of the said walk to be cracked and broken, and scattered debris over plaintiffs' lawn, impairing the appearance of plaintiffs' premises; and at the same time and in the same manner

cut off and removed a portion of the composition arch forming a part of plaintiffs' building; and that the defendant unlawfully withholds and keeps possession of the strip of land above described and has so held possession thereof at all times since January 21st, 1925.''

It was adjudged that the plaintiffs recover possession of the strip of land so taken, and the sum of $300 damages, with their costs. The substance of this finding and judgment is that the defendant forcibly entered, and that she unlawfully retains possession of a portion of the plaintiffs' premises. It is not seriously contended that there is a forcible detainer thereof.

Resolving all intendments in favor of the judgment below, and accepting as true the plaintiffs' evidence, it appears that between 8 and 9 o'clock in the morning several men moved the party fence about 8½ inches on to plaintiffs' property, and that in so doing they sawed off 10½ inches of the arch, cut about 8 feet from a pipe which was embedded in cement, and chopped 8 or 10 inches off of the concrete sidewalk to a distance of about 90 feet from the front of the building, breaking roof drains and obstructing drainage. Plaintiff H. R. Morris testified that ''it looked just like a cyclone struck through there, carrying mud and stuff, and cement that they left there.'' Another witness swore that he ''saw a gang of men just naturally heaving the fence up, and tearing down the arch''; that ''they pulled up the fence, and it fell down, and in a few minutes I saw them with the other men on the ladder cutting the arch.'' A builder testified that it would be necessary to rebuild the entire walk for a distance of 40 feet, to bond a new arch to the building, imbed the post in cement, and replaster and restucco a considerable area, which would first require the tearing off of other plaster and stucco work, and that the cost of reconstruction would be $300. The plaintiff Morris testified that he was over sixty years of age, and that his health was ''not very good''; that he forbade them to move the fence, but did not say more because they were young men, and he feared trouble with them.

We think the evidence amply supports the finding of forcible entry. As was held in *Knowles* v. *Crocker Estate Co.*, 149 Cal. 278 [86 Pac. 715]:

"When a person enters upon land in the actual peaceable possession of another, with a number of men acting under his direction and control, with such a display of force and accompanied by such instant acts as are calculated to intimidate the occupant from resisting their intrusion and maintaining his possession, such conduct is sufficient to constitute a forcible entry within the purview of the statute."

It is conceded that the evidence does not warrant a finding, nor did the court find, that there was a forcible detainer, and appellant argues that the finding that defendant "unlawfully withholds and keeps possession of the strip of land," being silent as to force, is insufficient and therefore mere surplusage, and that in any event it is but a conclusion of law. As to the first objection, it has been held that in an action alleging forcible entry and forcible detainer, the forcible entry is the gist of the action, and the averment of forcible detainer is not stated as an independent ground for relief, but as a mere continuation or consequence of the first act. (*Preston* v. *Kehoe*, 15 Cal. 318; *Thompson* v. *Smith*, 28 Cal. 532; *McMinn* v. *Bliss*, 31 Cal. 122.) And our supreme court, in *Adams* v. *Helbing*, 107 Cal. 298 [40 Pac. 422], quoting from *Brison* v. *Brison*, 90 Cal. 323 [27 Pac. 186], said:

"If the complaint, as in the present instance, sets forth two or more grounds for relief, either of which is sufficient to support a judgment in favor of the plaintiff, a finding upon one of such issues is sufficient, and a failure to find upon the other does not constitute a mistrial or render the decision 'against law.' "

Confusion of findings of fact and conclusions of law contrary to the provisions of section 633 of the Code of Civil Procedure, is not a ground for reversal, if the judgment is manifestly right. (*Spencer* v. *Duncan*, 107 Cal. 423 [40 Pac. 549]; *Butler* v. *Agnew*, 9 Cal. App. 327 [99 Pac. 395].) And where the findings are otherwise sufficient, they will not be held defective by the inclusion of matter which may be rejected as surplusage. (*Hopkins* v. *Warner*, 109 Cal. 133 [41 Pac. 868].) The findings and judgment in the instant case do not contemplate or require any active compliance upon the part of appellant. The fact is obvious that by her forcible entry and moving

of the fence on to the respondents' premises they were damaged, and in removing the fence and reconstructing the arch, fence, sidewalk, etc., they must necessarily incur an expense of $300. Hence, if the disputed finding be disregarded, the finding and judgment as to forcible entry and the damage incident thereto are sufficient, and are supported by the record before us.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.