A petition for a rehearing was denied November 25, 1947, and the above opinion was then rendered.

[Civ. Nos. 13463, 13464. First Dist., Div. Two. Oct. 31, 1947.]

EDNA H. McCARTHY, Appellant, v. JOSEPH FRANCIS McCARTHY, Respondent.

James W. Harvey and Elmer C. Mower for Appellant.

Felix Lauricella and Conrad T. Hubner for Respondent.

DOOLING, J.—Separate appeals from two judgments are presented to us on two clerk's transcripts and a single reporter's transcript, since the two actions were tried in the superior court at the same time. The parties were husband and wife and the wife, appellant herein, sued the husband for divorce. The husband in turn brought an action against his wife to quiet title to a parcel of real property improved with a residence building consisting of two flats. In the quiet title action the court gave judgment for the plaintiff husband subject to a lien in favor of the defendant wife to secure the repayment to her of the sum of $1,655.

The parties were married in 1942, and just prior to the marriage respondent had purchased the real property here involved making a down payment of $5,000. Before and shortly after their marriage appellant advanced sums of money to respondent aggregating $1,655. Respondent testified that appellant "was continually worrying about the $1600" and that he determined to make a deed of the property to her so that she would be protected in case anything happened to him. The deed was prepared by a notary public and the respondent took the appellant to the notary's office in the family automobile. She remained outside in the automobile while he went into the notary's office and signed and acknowledged the deed. What happened thereafter we take from the respondent's testimony under the familiar rule that an appellate court must take as true the testimony most favorable to the judgment. Respondent took the deed to the car and showed it to his wife and "told her that I made the deed out that would protect her in case anything happened to me." He then put it in his pocket, the parties went home and he placed the deed in a metal box in which he kept papers of his own and in which nothing belonging to his wife was kept. About 10 months later he learned that his wife had taken

the deed from the box and had it recorded. He was angry and upset and demanded the retransfer of the property. About a week later he went to his attorney and commenced an action against his wife to quiet title to the property and caused a *lis pendens* to be filed. He continued to demand a reconveyance and his wife at one time promised to execute one. Marital troubles followed, there was a suit for separate maintenance filed and later dismissed. These actions were thereafter commenced and only at the time that the present quiet title action was filed was the original one dismissed.

On the question of his intent in making the deed the plaintiff gave the following testimony:

"Q. When you executed this deed of gift what was your intention as far as title to the property? A. I naturally——

"The Court: Not naturally. A. I wasn't getting married one month and giving a house away the next month; and while I was alive, the house was to be mine and it was to be hers after I died, if anything happened."

Even where there is a manual transfer of a deed a valid delivery depends upon whether the grantor intended that it should be presently operative (*Huth* v. *Katz*, 30 Cal. 2d 605, 608 [184 P.2d 521]) and while a delivery may be effected without a manual transfer (9 Cal.Jur. 160) the vital question in every case is whether the grantor actually intended the deed to become presently operative (9 Cal.Jur. 153-155). "Accordingly it is held that a deed executed by a grantor with the intention of having it take effect only after his death and which he retains in his possession or under his control will be ineffectual to pass title for want of delivery. (*Fisher* v. *Oliver*, 174 Cal. 781 [164 P. 800]; *Hayden* v. *Collins*, 1 Cal.App. 259 [81 P. 1120].)" (*Azevedo* v. *Azevedo*, 1 Cal.App.2d 504, 506 [36 P.2d 1078]; and see *Johns* v. *Scobie*, 12 Cal.2d 618, 623 [86 P.2d 820, 121 A.L.R. 1404]; 9 Cal.Jur. 171.)

The finding of the trial court "that there was at no time any delivery of said deed of gift to defendant or any other person whatsoever" finds substantial support in the evidence and there our inquiry on this question must end.

We have no quarrel with the cases cited by appellant to the effect that manual delivery of a deed is not essential, that this rule is particularly applicable where the parties are husband and wife, and that the possession of the deed by the grantee raises a presumption of delivery. These rules of law would be important in support of a judgment for appellant

if one had been rendered, but the evidence believed by the trial court overcomes the presumption of delivery arising from appellant's possession of the deed and on the vital question of intent supports the conclusion that there was in fact no delivery.

Nor was the court bound to find that respondent's conduct after knowledge of the recording of the deed amounted to a recognition of title in appellant. We need only point to the almost immediate filing of a complaint to quiet title with *lis pendens* and the testimony of respondent that far from recognizing title in appellant he persistently demanded that she retransfer the property to him.

█ Appellant cannot complain of the court's finding "that the execution of said deed of gift was not intended for the purpose of transferring said property or any part thereof from plaintiff to defendant, but was executed and intended to provide security to defendant for the sum of $1655. . . ." The court as above recited found that there was in fact no delivery of the deed and in view of that finding the intention of the plaintiff to provide security may well have been ineffectual. But the error, if any, was one in favor of appellant, of which only the respondent could complain.

█ In the divorce action appellant was granted a decree of divorce. She complains on the appeal from that decree only of a provision in the decree "that any and all community interest of the parties hereto in and to" the same real property "be and the same is hereby awarded to the defendant." The full title was quieted in the other action and we cannot discover any injury to appellant in the provision complained of in view of the facts that she denied in her answer to respondent's cross-complaint that there was any community interest in this property and the evidence shows none.

Judgments affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1947.