## SANDERS v. ELDRIDGE ET AL.

1. **Deed:** DESCRIPTION: CONSTRUCTION. In the description in a deed courses and distances must yield to fixed monuments, or to any points named which are capable of being certainly ascertained.

*Appeal from Boone Circuit Court.*

FRIDAY, APRIL 20.

THIS action was commenced at law for the possession of a certain tract of land described as follows: Commencing at the

northeast corner of an acre lot sold by C. Beal and wife to one L. C. Sanders, thence east from said corner 12 rods and 80 links, thence south 12 rods and fifty links, thence west 12 rods and 80 links, thence north 12 rods and fifty links to the place of beginning. The case is in most respects like that of *Caroline Sanders et al. v. Godding et al.*, 45 Iowa, 453.

The only point of difference is that in this case the deed under which plaintiff claims has been lost, and the record thereof describes the land conveyed as follows: Commencing at the northeast corner of an acre lot which said grantors have this day sold to one L. C. Sanders, thence east from said corner 12 rods and 80 links, thence south 12 rods and 50 links, thence north 12 rods and 50 links to the place of beginning, said tract to contain one acre only, and the distances to be so construed. It will be observed that this description does not contain any south line, and that to run from the southeast corner to the place of beginning the direction is northwest, the distance is about 20 rods, and the inclosure will be a triangle and contain much less than an acre. An amended petition in equity alleges that the south line was omitted from the record by mistake, and asks that the mistake be corrected. All the issues were submitted to the court together. The court dismissed the petition in equity, and found that the plaintiff was entitled to recover a triangular piece of ground, bounded by a line running from the southeast corner named in the record of the deed, to the northwest corner, the place of beginning. The defendants alone appeal.

*I. N. Kidder*, for appellant.

*Hull & Ramsey*, for appellee.

DAY, CH. J.—I. The question of the statute of limitations must be determined the same way as was done in *Caroline Sanders v. Godding, supra.* There is evidence tending to show that plaintiff was in possession of the land in March, 1863. This action was commenced within ten years thereafter, to-wit: February 6th, 1873. The case of *Sanders v.*

*Godding, supra,* also fully disposes of the defense of equitable estoppel.

II. It is claimed that the deed in question conveys nothing, and is absolutely void. It is, however, a familiar principle in the construction of deeds that courses and distances must yield to fixed monuments. The place of beginning fixed in this deed, to-wit: The northeast corner of an acre lot sold to one L. C. Sanders, is capable of being certainly ascertained. It becomes as controlling, when so ascertained, as a fixed monument, such as a tree or a stone. And in the description, from the southeast corner north 12 rods and fifty links to the place of beginning, the place of beginning is the fixed point to be reached, and the course and distance, if inconsistent with a line running to such point, must be disregarded.

*1. DEED: description: construction.*

In the case of *Sanders v. Godding, supra,* the links named were construed to mean hundredths of a rod, because the quantity was made a controlling description, the deed specifying that the distances were to be so construed as to convey one acre only.

No such necessity arises in this case, for the land included in the description is less than one acre. The judgment of the court below, finding plaintiff entitled to the triangular piece of ground named, is affirmed.

But because of the modification of description in the case of *Sanders v. Godding,* and in *Capron v. Fuller,* the point of commencement, the northeast corner of an acre lot sold to L. C. Sanders, will be different from the point fixed by the court. The cause must, therefore, be remanded to the court below, in order that the proper correction may be made in the judgment.

AFFIRMED.