[No. 13363.  In Bank. — May 16, 1890.]

## A. TOGNAZZINI, APPELLANT, v. B. MORGANTI ET AL., RESPONDENTS.

84  159
6144  449

BOUNDARIES — RELOCATION OF SURVEY FOR PATENT — LOST CORNER-STAKE — COURSES CONTROLLED BY TOPOGRAPHICAL FEATURES AND WITNESS-MONUMENTS. — In relocating the boundaries of an official survey upon which a patent of the United States was based, the calls of the field-notes of the survey as to the location of certain topographical features of the country, and of a road and gulch and certain houses described therein as witness-monuments, must prevail over the specified courses of the boundary lines, and the location of a lost corner-stake to which no living witness can testify is not to be fixed by starting from an admitted location of another corner, and surveying the lines of the patent by courses and distances therefrom, if such survey departs from the field-notes of the original official survey in respect to such topographical features and monuments.

ID. — OVERLAPPING OF ADJOINING RANCHOS — EVIDENCE — TESTIMONY OF SURVEYOR — RE-EXAMINATION — EXHIBITS — ERROR WITHOUT PREJUDICE. — When a surveyor who has made a survey to fix the location of a lost corner-stake which determined the boundary line between adjoining ranchos, states, on re-examination, in elucidation of testimony called out on his cross-examination by appellant's counsel, that the location of the line as fixed by another surveyor is wrong, because it produced a conflict or overlapping of the ranchos, and the location of the ranchos appears from exhibits put in evidence by appellant, the refusal of the court to strike out such statement, if an error at all, is a trivial error, without prejudice, whether the surveyor was or was not competent to testify as to the location of the ranchos.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. C. Stratton*, for Appellant.

*John J. Boyce*, for Respondents.

BEATTY, C. J. — This is an action to recover a tract of land in Santa Barbara County. Defendants had judgment in the superior court, from which, and from an order denying a new trial, plaintiff appeals, assigning

errors in the rulings of the court, and contending that the findings are contrary to the evidence.

Plaintiff is owner of a Mexican grant known as the Casmalia rancho. This rancho was patented to his grantors in 1861, with boundaries as described and delineated in a survey and map made in 1860 by a deputy United States surveyor named Terrell. Terrell's survey commenced at the northwest corner of the rancho, and ran a certain distance easterly to the northeast corner, designated as "C. No. 2," the location of which is known and undisputed. His next course was south 50° east, 395 55 chains, to corner No. 3, which was also corner No. 5 of an adjoining rancho, called Todos Santos, and the stake set at this corner at that time was marked "T. S. No. 5, and C. No. 3." After some years this stake disappeared, and the government, desiring to connect the surveys of public lands with the northeast boundary of the Casmalia rancho (the line between C. 2 and C. 3, T. S. 5), caused several surveys to be made for the purpose of re-establishing the lost corner. In 1868 Thompson, who had accompanied Terrell in the capacity of chain-man in the original survey of the Casmalia rancho, re-established the common corner (C. 3, T. S. 5) of that and the Todos Santos. This, however, was done in a survey of Todos Santos, and it is not clear that it was done by direction of the government. But in 1880 Von Schmidt, starting from C. 2, and running the course and distance called for by the patent and Terrell's field-notes (south 50° east, 395.55 chains), established C. 3 at a point 20.30 chains easterly from the stake C. 3, T. S. 5, established by Thompson. This survey of Von Schmidt was rejected by the government, and another surveyor (Minto) was directed to run a correct line, and to obliterate Von Schmidt's work. Minto, after a careful survey, established a straight line running from C. 2 to the Thompson stake (C. 3, T. S. 5), as the correct boundary. The result was to excude from the Casmalia rancho, as

surveyed by Von Schmidt, a triangle having its apex at
C. 2, and for its base a line 20.20 chains in length
extending from Von Schmidt's C. 3 to Thompson's and
Minto's C. 3, T. S. 5, and for its sides the Von Schmidt
line on the east and the Minto line on the west.

This triangle is the tract in dispute. After the Minto
survey it was sectionized and subdivided according to
the government system of surveys and occupied by the
defendants as pre-emptioners or homestead claimants.

But plaintiff, claiming that the Minto survey was
wrong, and that the Von Schmidt survey correctly re-
established the line as run by Terrell, and as called for
by the patent, sues to recover the triangle above de-
scribed.

The rights of the respective parties of course depend
upon a correct relocation of the Terrell line, and the
claim of the plaintiff is, that since the stake set by Terrell
is lost, and no living witness can testify to the place
where it stood, the only means of re-establishing the line
is to start from the admitted location of C. 2, and run,
according to the calls of Terrell's survey, south 50° east,
395.55 chains, and fix the corner at the end of the
line so run.

If this proposition is correct, there is no doubt that
the superior court erred in rejecting the Von Schmidt
line, which was run in conformity to it.

But we think there were other and more important
considerations to be attended to in relocating the line.

Terrell not only made a map of his survey, but field-
notes showing the various topographical features of the
country over which his lines extended. The material
part of these field-notes reads as follows: " 206 chains to
a post marked 'C. No. 2 station'; thence descending ridge
south 50° east, 88 chains and 50 links, enter cañada;
thence down through same 155 chains, leaving cañada,
bearing southeast; thence over low rolling hills 394
chains and 50 links, leaving hills and crosses road, course

LXXXIV. CAL.—11

southwest and northeast, 395 chains and 55 links, to old post in the entrance of Cañada Verde, marked 'T. S. No. 5, and C. No. 3'; thence down through the Cañada Verde, Chamisal Hills being to the left of line, south 53° west, 56 chains, old adobe house bears west two chains; distant at 111 chains, new house in Cañada de Casmalia."

The Von Schmidt line has the sole merit of conforming in course and distance to these calls of the Terrell survey. It does not in any other particular tally with the field-notes. It enters and departs from the cañada at too short a distance from C. 2; it does not terminate at the entrance of the Cañada Verde. It does cross a road near its southern extremity, but not the road delineated on Terrell's map. The road it crosses is a road running north and south, while the road called for in Terrell's field-notes, and delineated on his map, runs nearly east and west.

But the strongest argument against the correctness of the Von Schmidt line is furnished by the fact that his C. 3 is a full quarter of a mile farther east from the adobe houses than Terrell's C. 3, T. S. 5, was. (The adobe houses are located by the field-notes of Terrell's line running west from C. 3, T. S. 5.) The Minto survey conforms to the field-notes in every respect except as to the course of the disputed line. His line, instead of running south 50° east, runs south 46° east. We think this call for the course surveyed is much less certain and trustworthy than the calls for the entrance to and exit from the cañada, the crossing of the road running east and west, the entrance to the Cañada Verde, and the distance of the corner from the adobe houses, — all of which sustain the Minto survey. In short, we think that the findings of the superior court, so far from being unsupported by any testimony, are in conformity to the decided preponderance of the testimony. We cannot, indeed, see how the decision could have been in favor of the Von Schmidt survey.

If there was any error in the refusal of the court to

strike out the answers of the witness Minto to the questions asked by him by defendants on his redirect examination, the error was trivial and unimportant. What he stated was, that the Cooper (Von Schmidt) line was wrong because, among other things, it produced a conflict — over-lapping — between the Casmalia rancho and the Laguna and Todos Santos ranchos. It is by no means clear that Minto was not entirely competent to testify as to the location of these ranchos; but whether he was or not, their location was shown in some of the exhibits put in evidence by plaintiff, and all that Minto stated with reference to this point was merely in elucidation of matters called out on his cross-examination by the plaintiff.

We find no error in the record.

Judgment and order affirmed.

Works, J., Sharpstein, J., Fox, J., McFarland, J., and Paterson, J., concurred.

Thornton, J., dissented.