[Sac. No. 597.   Department Two.—December 29, 1899.]

ENOS COSTA, Respondent, v. JOSEPH SILVA, Appellant.

Mining Claim—Tenancy in Common—Agreement to Obtain Patent—Contribution to Expenses—Trust.—One who bought from a former claimant and paid for one-fourth interest in a mining claim, without taking a deed thereof, and went into possession thereof, and was for many years recognized as a tenant in common by the claimant of the other three-fourths, and who entered into an agreement with such other claimant that they should jointly procure a patent for the mining claim, and contributed toward

the survey and expenses of obtaining a patent, may enforce a
trust in a certificate of purchase of the whole mining claim
obtained in the name of the other claimant, to the extent of
his one-fourth interest in the claim.

Id.—Parol Evidence—Request for Joint Expenditures—Payment of
Consideration—Resulting Trust.—Parol evidence that, prior to the
filing of defendant's application for a patent, defendant asked
plaintiff to contribute toward his one-fourth interest, that plain-
tiff then contributed a certain sum toward the survey, that he
had before that bought and paid for his one-fourth interest,
which was worked in common with the defendant, and the
proceeds divided proportionately, is admissible to show that the
title was to be obtained for their common benefit, and to estab-
lish a resulting trust in the certificate of purchase to defendant
by payment of part of the consideration therefor, and is not
objectionable, on the ground of an attempt to prove a contract
concerning real estate by parol.

Id.—Opinion Evidence—Recognition of Plaintiff's Interest—State-
ment of Facts—Harmless Ruling.—The fact that part of the testi-
mony tending to show a recognition by the defendant of plain-
tiff's one-fourth interest was a mere opinion of the plaintiff as
a witness, objection to which was overruled, is not sufficient
ground for reversal, where the facts showing such recognition
were stated fully by the witness, and were not controverted by
the defendant.

Findings — Sufficiency of Evidence—Appeal.—Findings contrary to
the evidence relating to immaterial matters not necessary to the
support of the judgment, which is sustained by other findings
of ultimate facts not inconsistent with the immaterial findings
assailed, are not prejudicial error, and will be disregarded upon
appeal.

APPEAL from a judgment of the Superior Court of Siski-
you County and from an order denying a new trial.   J. S. Beard,
Judge.

The facts are stated in the opinion of the court.

Warren & Taylor, for Appellant.

Gillis & Tapscott, for Respondent.

THE COURT.—This is an appeal by defendant from a judg-
ment in favor of plaintiff and from an order denying defend-
ant's motion for a new trial.   The case is here on the judgment-
roll and a bill of exceptions.   It appears from the unchallenged
findings as follows: That about twenty-four years ago the plain-

tiff bought a one-fourth interest in a certain mining claim described in the complaint, containing sixty-three and fifty-one one-hundredths acres, and paid therefor the sum of four hundred dollars, but took no deed for the same. That both plaintiff and defendant went into possession of said claim and each had a residence thereon, and for a number of years they worked said claim jointly. That during their residence thereon they each cultivated a portion thereof, and that defendant has continued to reside thereon from the time plaintiff first went into possession up to the present time. That a short time prior to the middle of October, 1896, the defendant recognized the one-fourth interest of plaintiff in and to said claim, and then proposed to plaintiff that they take steps to get a patent to said claim jointly; that plaintiff should pay one-fourth of the expenses of getting the patent, and that the defendant should pay three-fourths, to all of which plaintiff agreed. That they then jointly had the said claim surveyed, and plaintiff, at the request of defendant, contributed his services in making the survey, and paid a portion of the expenses thereof. That plaintiff understood that the patent to said claim would be procured in the names of plaintiff and defendant jointly, and they went to the office of their attorneys in Yreka, who had been employed to procure the patent for them, and each paid a portion of the expenses necessary to obtaining said patent. That plaintiff paid toward the expense of surveying the claim and getting a patent the sum of forty-five dollars. That prior to October, 1896, the defendant made application under the Revised Statutes of the United States to purchase the said claim, and thereafter, about the middle of October, 1896, made final proof in the United States landoffice at Redding, in Shasta county, and received a certificate of purchase therefor in his own name. That after the said certificate of purchase was so issued to the defendant, plaintiff demanded of defendant a deed to a one-fourth interest in and to said claim, and defendant then refused, and still refuses, to execute or deliver such deed or any deed to plaintiff.

As conclusions of law, the court found that the defendant holds the undivided one-fourth of said claim in trust for plaintiff, and that plaintiff is entitled to a deed from defendant for said one-fourth interest. A decree was accordingly entered.

We think the above findings support the judgment. The plaintiff, having paid for a one-fourth interest in the property, the defendant for many years having recognized this interest, and the plaintiff finally, in pursuance of the understanding of the parties, having contributed toward the expense of surveying the claim and procuring the title thereto, the title, when procured, was for the benefit of plaintiff, as well as defendant, in proportion to his interest therein. To now allow the defendant, in violation of his agreement, to keep the property for which plaintiff has paid his money and labor would be the most flagrant injustice. If a court, under such circumstances, could not afford relief, it would be a sad commentary upon the law.

The defendant challenges the sufficiency of the evidence to sustain findings 8 and 9 and portions of finding 4. Without passing upon the question as to whether the evidence is sufficient in the respects specified, it clearly appears that the judgment is supported by the findings other than those attacked. While findings 8 and 9 and the portions of finding 4 to which our attention is called are not necessary to support the judgment, yet they are not inconsistent or in conflict with the ultimate findings upon which the judgment rests. In such case they may be disregarded. A finding contrary to the evidence upon an immaterial matter is not prejudicial error if the ultimate facts found support the judgment.

Certain questions were asked of the witness Solus and of plaintiff, while a witness upon the stand, for the purpose of showing that in 1896, before the defendant filed his application for the claim, he asked plaintiff to contribute toward his one-fourth interest and help pay for the surveying, and that plaintiff did at that time pay forty dollars toward the survey. The evidence was objected to by defendant upon the ground that it was incompetent, irrelevant, and an attempt to prove a contract concerning real estate by parol. The court overruled the objections, and the rulings are assigned as error. We think the evidence was material, and it was not offered for the purpose of proving a parol agreement to convey land. It was competent for the purpose of showing that plaintiff paid money to defendant at his request and for the purpose of procuring the title for the common benefit of plaintiff and defendant. Where a trans-

fer of real property is made to one person, and the consideration thereof is paid by another, a trust is presumed to result in favor of the person by whom the payment is made. It has always been held competent to prove by parol the payment of the consideration. The plaintiff testified that twenty-four or five years ago he first went to live on the claim. That he worked there mining for three years with defendant. That he had then bought and paid for a one-fourth interest and claimed such interest. That defendant bought his interest one year before plaintiff. The plaintiff was then permitted to testify, under defendant's objection, that they divided the money taken from the mine, that plaintiff received one-fourth of it, and that defendant recognized his one-fourth interest in the mine. Part of the testimony was a mere opinion of the witness, but he stated the facts fully in other parts of his testimony, and we do not think the objectionable part of sufficient importance to make it ground for reversal. The findings concerning which no complaint is made support the judgment. The testimony in the record is without conflict. The defendant did not deny the facts as stated by plaintiff.

The judgment and order are affirmed.