[Civ. No. 214.    Third Appellate District.—August 3, 1906.]

## MARY B. PERCIVAL, Appellant, v. EDWARD H. JACK, Respondent.

ACTION TO SET ASIDE DEED, AND DECREE SETTLING EXECUTOR'S ACCOUNTS—FRAUD—SUPPORT OF FINDINGS FOR DEFENDANT.—In an action by a devisee to set aside an assignment and deed of settlement from plaintiff to defendant, as having been fraudulently procured, and to set aside a decree settling the accounts of defendant as executor, and specifically alleging the misappropriation by defendant as executor of bonds belonging to the estate, where the court found against the plaintiff upon all issues, and the evidence in all respects sustains the findings, and no prejudicial error appears in the record, an order denying a new trial to the plaintiff must be affirmed.

ID.—IMMATERIAL FINDING AS TO STATUTE OF LIMITATIONS—ABSENCE FROM STATE.—Where the other findings are ample to sustain the judgment for the defendant, any error in finding that the action is barred by the statute of limitations, on account of the absence of plaintiff from the state, is immaterial.

ID.—CONVERSATIONS BETWEEN ATTORNEY FOR ADMINISTRATOR AND DEVISEES.—The court did err in allowing an attorney for the administrator to testify to communications between himself and the devisees.

ID.—CROSS-EXAMINATION OF HUSBAND OF PLAINTIFF.—Where the plaintiff had made her husband a witness in her own behalf, the defendant had the right to cross-examine him, and to recall him for further cross-examination; and where, after the court had ruled that a certain question was not proper cross-examination, the witness voluntarily answered the question, and showed that the evidence elicited was immaterial, no prejudicial error appears.

APPEAL from an order of the Superior Court of San Joaquin County, denying a new trial.   F. H. Smith, Judge.

The case of *Moss* v. *Jacks,* to which reference is made in the opinion herein for the controlling facts, was ordered transferred to the supreme court on October 3, 1906, and the judgment was affirmed in that court, on May 9, 1907, and is

reported in 151 Cal. 000 [90 Pac. 552], where the controlling facts are fully stated. Further facts are stated in the opinion in the present case.

Louttit & Middlecoff, for Appellant.

Ansel Smith, and Nicol & Orr, for Respondent.

McLAUGHLIN, J.—The controlling facts in the case at bar are identical with the facts in the case of *Moss* v. *Jack*, this day decided [90 Pac. 552]. Here, as there, one of the devisees of the estate of William S. Moss, deceased, is seeking to have the assignment and deed, so fraudulently mentioned in the opinion of *Moss* v. *Jack,* declared fraudulent and void, to compel an accounting and annul certain decrees settling the accounts of defendant as executor of the estate of William S. Moss, deceased.

The only essential difference between the two cases is that here the plaintiff is seeking to recover the sum of $45,000, and specifically alleges the misappropriation of $68,000 worth of bonds in addition to the property mentioned in the other suit. The court found that the decedent never owned and that defendant never received the bonds in question, and the other findings are substantially the same as the findings in *Moss* v. *Jack,* with the single exception that there is no specific finding on the question of laches. Plaintiff appeals from the order denying her motion for a new trial.

The findings are fully supported by the evidence. It is unnecessary to indulge in a lengthy review of the testimony showing the reasons for so holding; suffice it to say that the evidence in all substantial particulars is to the same effect as was the evidence in the case above mentioned.

It is contended that the finding relating to the statute of limitations is erroneous for the reason that defendant was out of the state, but we deem it unnecessary to dwell upon the evidence in this regard, for the reason that if this finding was the other way the judgment would still be supported by proper findings. (*Costa* v. *Silva,* 127 Cal. 354, [59 Pac. 695]; *Hayden* v. *Collins,* 1 Cal. App. 266, [81 Pac. 1120].)

The court did not err in allowing Ansel Smith to testify touching communications between himself and the devisees.

(*McCabe* v. *Healy*, 138 Cal. 91, [11 Pac. 1008].)    The husband of plaintiff had testified in her behalf and was cross-examined by defendant.    Later the witness was recalled for further cross-examination, and then the objection was interposed that he could not be examined without plaintiff's consent.    The court overruled the objection and appellant insists that such ruling was error.    We do not think so.    If a wife calls her husband as a witness, the other side is certainly entitled to cross-examine him as to all matters brought out on the examination in chief.    Besides, the only testimony elicited was entirely immaterial and came from the witness voluntarily after the court had sustained objections to the testimony on the ground that it was not cross-examination.    The other rulings of the court were similar to rulings passed upon in *Moss* v. *Jack*, and citing the opinion in that case as an elaboration of the opinion here on this and other points in the case, we conclude by saying that there is no prejudicial error in this record.

The order is affirmed.

Buckles, J., and Chipman, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 3, 1906.