[Civ. No. 520.   Second Appellate District.—May 19, 1909.]

## LEWIS W. ANDREWS, Appellant, v. FRED F. WHEELER et al., Respondents.

ACTION TO QUIET TITLE—BOUNDARY BETWEEN SECTIONS—REFERENCE TO UNCERTAIN MAP—ABSENCE OF FIELD-NOTES—LOCATION IN FACT— BEST EVIDENCE—RECOGNIZED MONUMENTS.—In an action to quiet title involving a disputed boundary between lots, referring to a map uncertainly locating the line, and no field-notes of the survey for the map are indicated, it was proper for the court to receive the best evidence obtainable to determine the location as matter of fact, and in doing so, was important to inquire as to the location of such stakes and monuments as were commonly recognized, accepted and used in lieu of lost or destroyed original monuments, and in the absence of more certain evidence, these stakes and monuments would be sufficient to support a finding as to the location of the boundary.

ID.—ADMISSIBILITY OF EVIDENCE—CONCLUSIONS OF SURVEYORS AS TO RESULTS OF SURVEYS PROVED—REVERSAL OF JUDGMENT NOT REQUIRED. Although in general opinion evidence as to the location of a line is not admissible, yet where several surveyors, each of whom had proved his survey, were each allowed to state his conclusion as to the result of his survey, it was not such prejudicial error as to entitle the aggrieved party to a reversal of the judgment.

ID.—SUMMARY OF PREVIOUS TESTIMONY—MIND OF TRIAL JUDGE NOT AFFECTED—NEW TRIAL NOT REQUIRED.—A new trial will not be

granted when the answers to questions constituted no more than a mere summary in the form of a conclusion of the previous testimony of the witness, and could add nothing to the effect of the previous testimony in the mind of the judge trying the case.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Frank James, and Bernard Potter, for Respondents.

SHAW, J.—Plaintiff appeals upon bill of exceptions from a judgment in favor of defendants and cross-complainants.

An opinion reversing the decision of the trial court was filed on October 24, 1908. Thereafter, upon petition of respondents, a rehearing was granted.

In form the action is one to quiet title. The controversy grows out of conflicting claims as to the true location of the division line between subdivision A, lot 6, in block 26, of the Canal and Reservoir Lands of the city of Los Angeles, as designated upon a map thereof made by William Moore in 1870, recorded in book 2, Miscellaneous Records, pages 210, 211, which subdivision is owned by plaintiff, and a tract of land lying immediately north thereof and adjoining, designated on said map as division A, lot 3, of said block 26, all of which, so far as it affects this case, is owned by defendants. These divisions A of said lots 6 and 3 of block 26, as designated upon the Moore map, extend from the south line of First street to the north line of Sixth street in the city of Los Angeles, and the land in dispute consists of a strip about sixteen feet in width, depending as to its ownership upon the ascertainment of the true location of the division line between said lots 6 and 3. Reference to the map discloses that division A of lot 3 is marked thereon as containing 17.50 acres, but the length of said lot extending north and south is not indicated. At the trial, however, it was stipulated that defendants held their title to the tract of land by mesne conveyances from the city of Los Angeles, which described the same as having a length or depth of 18.72 chains or 1,235.52 feet.

the call in the deed being to the southwest corner of said lot 3 according to said map. It was also stipulated that plaintiff's title to division A of lot 6, block 26, as per said map, was derived from the city of Los Angeles by like mesne conveyance, which described the tract by lot and block as delineated upon said map. The length of this lot is indicated upon the map in figures as being 23.97 chains, equal to 1,582.02 feet. It thus appears that, taking the length of lot 3 as called for in defendants' deed and the length of lot 6 as indicated upon the map, and thus giving to each lot the full depth called for by such data, it makes a total distance between First and Sixth streets of 2,817.54 feet. The actual distance, however, between the south line of First street and the north line of Sixth street, as shown by the uncontradicted evidence, is 2,822.50 feet, or 4.96 feet in excess of the total length called for by the deeds.

The contention of plaintiff is that the division line is as indicated upon said map, namely: 1,582.02 feet north of the north line of Sixth street, whereas defendants and cross-complainants contend that at the time of making the survey for said map Moore established the division line upon the ground some sixteen feet or less south of that as shown by said map, and designated such line by setting stakes and erecting monuments thereon. The trial court sustained this contention, the effect of which was to increase the length or depth of lot 3 over that called for in defendants' deed, and to correspondingly reduce the depth of lot 6 as indicated upon the map.

Appellant concedes that if Moore did in fact designate the division line between said tracts upon the ground and marked the same by stakes and monuments, such line so established controls the calls and distances indicated upon the map and in the deeds. There are no field-notes or other data connected with the map showing that Moore in making the survey set any stakes or erected any monuments designating upon the ground any lines or corners. There is not a scintilla of direct evidence, parol or documentary, in the record which tends to show that he set a stake or erected a monument for any purpose whatever. In effect, the evidence is as follows: That in 1887, some seventeen years after the making of the survey, H. H. Metcalf, a former owner of lot 6, had the tract surveyed for the purpose of ascertaining the boundaries thereof, at which time he found an old monument, consisting

of a hole in the ground with some rocks piled around it, at
a point which according to defendants' claim constitutes the
corner common to the southeast corner of lot 3 and the north-
east corner of lot 6.   Thos. W. Bulpin, a city surveyor, called
on behalf of defendants, testified that in 1897 he made a sur-
vey for Occidental boulevard from First to Sixth street; that
in making this survey it was necessary to tie to the adjoining
property stakes, fences or other indications, as he found them;
that he found an old four by four stake with a mound of rocks
around it which he had known for nearly ten years before
in connection with previous surveys, and which he had con-
sidered an original Hancock stake, but there was no certainty
of the matter; that he tied to this stake merely presuming
it to be the corner common to lots 3 and 6; that he assumed
that this stake was at the northeast corner of division A of
lot 6, but did not attempt to verify it as a fact.   Edwin D.
Severance, a surveyor, testified on behalf of defendants that
he made a survey of lot 6 in 1890 or 1891, at which time he
found an old redwood stake at a point called for as the north-
east corner in the city engineer's field-notes.   He says: "It
was a stake I should judge at least ten years old at that time."
He further says: "In making surveys here in the city the last
thirteen years I have had occasion to retrace a great many of
those Hancock corners.   There were a few of them left and
that was one of the last to go."   There was other evidence
of like character, and evidence tending to show that stakes
were found on a line east and west from this four by four
stake assumed to mark the northeast corner of lot 6.   All of
which tended in some degree to prove that some seventeen
years after Moore made his survey certain unmarked stakes
were found on the line sixteen feet south of the division line
called for in the map, conceding the streets delineated on the
map to have been located at the time of the Moore survey
at the same place they were when these witnesses made their
respective surveys, and that the distances given on the map
are to be accepted as conclusive.

There was evidence, however, that neither of the streets re-
ferred to on the map are now, or were, at the times of the
surveys made by the several witnesses who testified in relation
thereto, located, opened or used upon the same lines, or were
even running upon the same course, as indicated by the map;
so that there was no certain base from which even the meas-

urcments on the map could be used if the court had adopted them in making its findings. The uncertainty in locating the boundary line by reason of these conditions did not relieve the court from the duty of finding where it was located as a matter of fact. In the absence of any evidence of fixed or ascertained monuments of the survey upon which the map was predicated, it was proper for the court to receive the best evidence obtainable. In doing this it might inquire, and it would be important to ascertain, the location of such stakes and monuments as were commonly recognized, accepted and used in lieu of the lost or destroyed original ones. In the absence of more certain evidence, these would be sufficient to support a finding. (*Orena* v. *Santa Barbara,* 91 Cal. 621, 628, [28 Pac. 268].)

.In considering the admissibility of evidence of this character this case is to be distinguished from one in which an attempt is made to dispute or contradict a line or measurement having a fixed or definite and ascertained point from which to run, by a monument movable and uncertain in its character. (*Payne* v. *English*, 79 Cal. 540, 546, [21 Pac. 952].) Even in a case of the kind mentioned, it is competent to show the location of the monument (a street) made subsequent to the deed, the description in which is being construed by the court, and to show user and recognition of it thereafter with a view to determining its location. (*Payne* v. *English,* 101 Cal. 10, [35 Pac. 348].)

While it is true that the rule is that witnesses can testify only as to the existence and condition on the ground of what is called for in the writing, and it is improper to admit their opinions, speculations or conjectures as to the location of the lines (Newell on Ejectment, p. 537), the mere fact that a surveyor, in testifying as to the result of a survey made by him, states his conclusion in respect to the effect of his survey is not alone sufficient to entitle the aggrieved party to a reversal of the judgment. (*Tognazzi* v. *Morganti,* 84 Cal. 159, 163, [23 Pac. 1085].) Neither will the giving of an opinion as to the matter in controversy, where the opinion is a conclusion from facts stated fully in the other part of the' testimony, always result in the granting of a new trial. (*Costa* v. *Silva,* 127 Cal. 351, 355, [59 Pac. 695].) Nor will a new trial be granted where the answers to the questions under consideration constituted no more than a mere summary, in the form

of a conclusion or opinion of the previous testimony of the witness, and could have added nothing to the effect thereof in the mind of the trial judge. (*Jersey Island Co.* v. *Whitney*, 149 Cal. 269, [86 Pac. 691, 692].)

Measured by the rule and exceptions as stated, we are unable to see how the questions addressed to the witness Fred F. Wheeler, H. V. Wheeler and Edwin D. Severance, which were objected to on the ground that they called for the conclusions of the respective witnesses, were prejudicial even if it be conceded they were erroneous.

The appeal not having been taken within sixty days after the rendition of the judgment (Code Civ. Proc., sec. 939, subd. 1), the case is not before us on the sufficiency of the evidence, but on its competency and admissibility alone. We find no error in this regard justifying a reversal of the judgment.

Judgment affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1909.