Argued April 22, decided April 29, 1913.

## STATE EX REL. *v.* BAY CITY.

(131 Pac. 1038.)

**Municipal Corporations — Incorporation— Order— Errors — Correction Nunc Pro Tunc.**

1. Where the journal entry of the county court granting a petition for the incorporation of a municipality did not correctly contain the order made in that it did not correctly describe the territory of the corporation, the error may be corrected by an order *nunc pro tunc* which will validate the description.

[As to power of courts to make *nunc pro tunc* entries, see note in 4 Am. St. Rep. 828.]

Municipal Corporations—Incorporation—Land Included.

2.   Under Section 3206, L. O. L., providing that any portion of a county containing not less than 150 inhabitants and not already incorporated as a municipality may become incorporated, the county court, which has the power of granting and denying petitions for incorporation, may grant a petition for the incorporation of a municipality, even though the petition includes agricultural and tide lands within the boundaries of the county.

[As to the territorial limits of a municipality, see note in Ann. Cas. 1912C, 938.]

Municipal Corporations—Attack on Validity.

3.   Persons aggrieved or desiring to object to the inclusion of their land within the limits of a municipality must present their objections at the hearing on the petition for incorporation and correct any errors of the county court by review or appeal, and cannot subsequently test the validity of the proceedings by *quo warranto.*

[As to collateral attack on legality of municipal organization, see note in Ann. Cas. 1913A, 592.]

Municipal Corporations—Plats—Vacation—Application—Necessity.

4.   Under Section 3206, L. O. L., providing for the vacation of lots or streets in unincorporated towns, the vacation of a block contained in the original plat of a town cannot be had without the application provided for in the statute.

[As to vacating of streets, etc., by municipality, see note in 46 Am. St. Rep. 493.]

Municipal Corporations—Organization—Description.

5.   The incorporation of a municipality is not invalid for vagueness of description where the beginning point was block 20 and there was only one block 20 appearing on any plat of the town.

Municipal Corporations—Incorporations—Description—Sufficiency.

6.   In view of Section 878, L. O. L., providing that in construing conveyances of real property, when paramount or visible boundaries are inconsistent with measurements, the boundaries or monuments are paramount, the description of land incorporated in a municipality will be held sufficient where there are monuments which will enable the last call to be run, even though the courses and distances fixed are not correct.

Constitutional Law—Incorporations—Act—Constitutionality.

7.   Section 3206, L. O. L., provides that any portion of a county, containing not less than 150 inhabitants and not already incorporated, may be incorporated as a municipality, having been on the statute books for many years and been acquiesced in by the public and recognized by the courts, must be held constitutional in the absence of a clear showing of its invalidity.

From Tillamook: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is an action by the State of Oregon, by John H. McNary, Prosecuting Attorney for the third judicial district of the State of Oregon, upon the relation of W. E. Proctor, Jr., against Bay City, W. C. Trombly, Joseph Nevins, David W. Rhodes, John Bodle, Albert Nichols, Cyrus W. McIlvain, William B. Elliott, Lucius F. Brode and Peter Nelson, in the nature of *quo warranto* to determine the legality of the incorporation proceedings of the town of Bay City, located on Tillamook Bay, in Tillamook County, Oregon. Proceedings in the attempted incorporation were begun in May, 1910, under the general incorporation act, found in Chapter I, Title 26, L. O. L. The petition herein provided for was filed in the county court of Tillamook County on May 4, 1910, after notice being regularly given as required by statute, and the petition came on for hearing on June 4, 1910. Numerous objections having been filed, a large area of land was eliminated by the court from the proposed limits of the corporation, so that the boundaries of the proposed corporation were finally determined by the court as follows:

"Beginning at the southwest corner of block 20 in Bar View addition to Bay City, as the same now appears of record, and running thence east along the south line of said block 20 and an extension thereof to intersect with the east line extended, of Bar View addition to Bay City, according to the present recorded plat thereof; thence north to the north line of said Bar View addition; thence east to the quarter section line running north and south through section 2, in township 1 south, of range 10 west, of the Willamette meridian; thence north to the center of section 35, in township 1 north, of range 10 west, of the Willamette meridian; thence west to the east line of Central addition to the town of Bay City, according to the pres-

ent recorded plat thereof; thence north to the northeast corner of said Central addition; thence west to the channel of Tillamook bay; thence along said channel to a point due west of the northwest corner of block 13 in Bar View addition to Bay City, according to the present recorded plat thereof; thence east to the northwest corner of said block 13; thence south along the east line of Adams street in said Bar View addition to the place of beginning.''

In entering the foregoing order, the clerk, through a clerical error, omitted the following course: ''Thence north to the north line of said Bar View addition''— and the effect of this omission was to include 45 acres of land that were not included within the boundaries named in the petition. On that error counsel for appellants have chiefly based the arguments contained in their brief. This error was not discovered until after the case had been brought to this court. Since then the county court has corrected the entry by entering a *nunc pro tunc* order reciting what the exact order made by the court was, and entering the order accordingly. By stipulation a certified copy of the corrected order has been filed in this court, and it is agreed that it may be considered by this court the same as if it had been made before the trial of the cause below and had been introduced in evidence on such trial. The *nunc pro tunc* order aforesaid was entered after the brief of counsel for appellant had been served, hence was not considered therein; but it necessarily eliminates the question raised in appellant's brief relating to a discrepancy between the notice of election and the order of the court fixing the boundaries. The principal irregularities urged by counsel in addition to the one first mentioned are: (1) The inclusion within the boundaries of the alleged corporation of tide lands owned by the state or by persons or private corporations. (2) Inclusion within the boundaries of the

corporation of a limited amount of farming and agricultural lands.   (3) Vagueness and uncertainty in the boundaries of the territory attempted to be incorporated, by reason of the fact that the place of beginning is given as the southwest corner of block 20, which block had theretofore appeared upon a recorded plat, but the vacation whereof had been attempted by the filing and recording of a so-called "correction plat." (4) Vagueness and uncertainty in the boundaries of the territory to be incorporated by reason of the fact "that the metes and boundaries of the attempted incorporation, as described in all of the notices and orders relating thereto, fail to close at the place of beginning."   There was a judgment for defendants, and the state appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. John H. McNary, Mr. George Willett* and *Messrs. Ridgway & Johnson,* with an oral argument by *Mr. Albert B. Ridgway.*

For respondents there was a brief over the names of *Mr. Elmon A. Geneste* and *Messrs. Fulton & Bowerman,* with an oral argument by *Mr. Charles W. Fulton.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

This case has been so ably and fairly presented that we regret that the pressure of business in this court precludes us from a more extended discussion of the points presented.   This omission is not due to the fact that they have not been carefully considered, but because other and urgent business precludes the editorial labor of discussing at greater length the argument submitted.

1. As observed in the statement of the case, we consider the correction of the journal entry, fixing the proposed boundaries so as to make them conform to

the actual order of the court, was an act entirely within the power of the court and proper under the circumstances: 1 Black, Judgments (2 ed.), § 131; *Allen* v. *Sales,* 56 Mo. 28; *Stevenson* v. *Black,* 168 Mo. 407 (68 S. W. 913).

2. We see no irregularity in the inclusion of certain agricultural land and tide lands adjacent to the shores of Tillamook Bay within the boundaries of the proposed corporation. By Section 2572, L. O. L., the whole of Tillamook Bay is included in Tillamook County. The language of this section is certainly broad enough to include all tide land situated along its shores. Section 3206, L. O. L., is as follows: "Any portion of a county in this state containing not less than one hundred and fifty inhabitants, and not already incorporated as a municipal corporation, may become incorporated under the provisions of this act, and when so incorporated shall have the powers conferred, or that may hereafter be conferred by general statutes duly enacted by the legislative assembly of this state." It will be seen from this that the right to incorporate is not granted solely to regularly laid out and platted towns, but may be granted to the inhabitants of any part of a county, and may by necessary implication include any character of land, whether platted or agricultural. The law has wisely left with the county court the power of granting or denying petitions for incorporations, and authorized it to fix the boundaries according to its own best judgment.

3. As we observed in the case of *State ex rel.* v. *Port of Bay City,* 64 Or. 139 (129 Pac. 496), persons aggrieved or desiring to object to the inclusion of their land within the boundaries of a corporation are by the published notice of the pendency of the petition called into court to assert their rights and have an easy and simple method by review or appeal by which to correct

65 Or.—9

any errors committed by the county court. Having had their day in court in the original proceeding, they will not be heard to urge, in a proceeding of this character, matters which they might seasonably have urged before the result of the election was declared.

4, 5. There is no uncertainty as to the beginning point. It appears from the record that, as originally laid out, platted, and dedicated, block 20 was included in and designated on the plat, but that subsequently, and after the plat had been recorded, a new plat and dedication was filed purporting to be a correction of the original, from which new plat block 20 was excluded. It does not appear that any application was made to the county court for the vacation of that part of the original plat omitted in the subsequent plat, as required by Section 3276, L. O. L., and it would therefore appear that the subsequent attempted vacation was void. In any event, there is no other block 20 appearing on any plat of Bay City addition, except the block 20 described in the original plat; and the call for the southwest corner of block 20 is therefore sufficiently certain.

6. Tested by the well-understood rules of law applied to grants of real property, there is no uncertainty as to the last call in the description, which reads: "Thence south along the east line of Adams Street * * to the place of beginning." A literal compliance with this call would take the line 250 feet east of the place of beginning. The call preceding this takes the line to the east boundary of Adams Street. Here there is one fixed and definite monument, and the southwest corner of block 20 is another. The courses and distances must yield to these monuments, and the true course is a straight line from one to the other: Section 878, L. O. L.; *White* v. *Luning,* 93 U. S. 514 (23 L. Ed. 938); *Sanders* v. *Eldridge,* 46 Iowa, 34; *Tognazzini* v.

*Morganti,* 84 Cal. 159 (23 Pac. 1085); *Anderson* v. *Richardson,* 92 Cal. 623 (28 Pac. 679). We see no good reason why a description of boundaries sufficient to satisfy the demands of the law in regard to a deed should not be sufficient to designate the boundaries of a municipal corporation. Many of the counties of this state have boundaries upon navigable streams; such boundaries being, of course, the center of the channel, which, while mathematically certain, is in fact often difficult of ascertainment. Others are bounded by the summits of mountain ranges equally indefinite in practice, but capable of mathematical determination by surveys. Here there is nothing to prevent an exact practical ascertainment of the boundary at any time and without delay or survey.

7. It is suggested that the act authorizing the incorporation of towns (L. O. L., § 3206 et seq.) is unconstitutional; but no sound argument can be brought to sustain this contention. It has been on the statute books for many years, has been frequently invoked, and generally acquiesced in by the public and recognized by the courts. Under its provisions, many towns have been incorporated and have grown into prosperous municipalities. If there existed a reasonable doubt as to the constitutionality of the act, we would under well known and often reiterated maxims of the law, be constrained to hold it constitutional; but in this case we can well go further and say that we have no doubt as to its constitutionality.

The judgment of the Circuit Court is affirmed.

AFFIRMED.