Argued December 9, 1969, affirmed April 8, 1970

McMANUS ET AL, *Respondents, v.* SKOKO ET AL,
*Appellants.*

467 P. 2d 426

*Thomas H. Denney,* Salem, argued the cause for appellants. With him on the briefs was Roger Rook, District Attorney, Oregon City.

*Sidney A. Brockley,* Oregon City, argued the cause for respondents. With him on the brief were Jack, Goodwin & Anicker.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE and HOLMAN, Justices.

McALLISTER, J.

The defendants, who constitute the Board of County Commissioners of Clackamas County, appeal from a peremptory writ of mandamus issued by the Circuit Court for Clackamas County commanding defendants to approve a petition to incorporate the City of Johnson City.

The facts are presented in the form of a narrative statement. It is agreed that a petition for incorporation of the city was presented to the Board of Commissioners in proper form and with the required signatures. The board held a hearing on the petition and thereafter entered an order disapproving it, based on the following findings:

"It further appearing to the Board that said Incorporation would be impractical, unnecessary,

not commensurate with good governmental practices, and not in the best interest of the general public nor in the general welfare, and

"It further appearing to the Board that none of the land within the boundaries of the proposed city would be benefited by said Incorporation, * * *."

This mandamus proceeding was then brought by three of the signers of the petition for incorporation. The circuit court held that the applicable statute required the board to approve the petition to incorporate as presented or with altered boundaries as determined by the board and to call an election thereon. A peremptory writ so ordering was issued and defendants appeal.

Since this case turns on the interpretation of certain amendments made in 1953 to the statutes authorizing the incorporation of cities it will be helpful to briefly review the history of those statutes. The first general statute providing for the incorporation of cities was enacted in 1893.[1] That statute gave the county court[2] power to grant or deny a petition for incorporation and also to fix the boundaries. See *State v. Bay City*, 65 Or 124, 131 P 1038 (1913). However, that statute was repealed in 1913 and the new statute, Laws of 1913, ch 345, gave the county court no discretion, but required it to call an election whenever a petition for incorporation meeting the statutory requirements was filed.

In 1941 a new act[3] providing for the incorporation of cities was passed and the 1913 act was repealed. The present incorporation statutes, ORS 221.020 to

[1] Laws of 1893, p 119.
[2] In Clackamas County the Board of County Commissioners have the powers formerly vested in the county court, ORS 203.224.
[3] Laws of 1941, ch 453.

221.050 originated in the 1941 act. Like its predecessor, the 1941 act vested no discretion in the county court, but required it to call an election whenever it received a legally sufficient incorporation petition.

In 1953[④] the statutes were amended to require the county court to hold a hearing on an incorporation petition and to empower the county court to alter the boundaries of the area proposed for incorporation. The dispute in this case centers on whether the power granted to the county court to alter the boundaries authorized defendants to frustrate the petition entirely.

The statutory provisions about which the parties disagree are for the most part contained in ORS 221.040 and read in pertinent part as follows:

"(1) Upon the filing of the petition referred to in ORS 221.030, the county court shall fix the time and place for the hearing of such petition and shall give notice thereof * * *.

"(2) At the time and place fixed for the hearing, or at any time and place at which the hearing may be continued or postponed, any person interested may appear and present oral or written objections to the granting of the petition and the forming of the proposed incorporated city. The court may alter the boundaries as set forth in the petition to include all territory which may be benefited by being included within the boundaries of the proposed incorporated city, but shall not modify boundaries so as to exclude any land which would be benefited by the formation of the proposed city. No land shall be included in the proposed city which will not, in the judgment of the court, be benefited. * * *

"(3) Upon the final hearing of the petition, the

---

④ Laws of 1953, ch 593.

court, if it approves the petition as originally presented or in an altered form, shall make an order fixing a date for an election relating to the incorporation of the proposed city * * *; provided, that whenever an issue respecting the incorporation of a proposed area has been determined adversely by the voters thereof at two elections held within a one-year period, another election shall not be held until a period of one year has elapsed after the last election. * * *"

We agree that the 1953 amendments created an ambiguity regarding the powers vested in the county court. The defendants rely primarily on the following sentence contained in ORS 221.040 (2): "No land shall be included in the proposed city which will not, in the judgment of the court, be benefited." Defendants argue that if, in their opinion, the incorporation of the new municipality is inadvisable, they can effectively deny the petition by a finding that none of the land would be benefited by incorporation.

Defendants' contention seems to be inconsistent with the legislative policy that if twenty per cent of the area voters petition to incorporate an area in which 150 persons reside, the advisability of incorporating must be decided by the voters of the area. The legislative policy is stated in ORS 221.020, as follows:

"The people of an area, no part of which lies in an incorporated city and in which 150 persons reside, may incorporate a city by approving at an election called and held according to ORS 221.030 to 221.060 a proposition provided by those sections for incorporating the city."

The 1953 amendments were contained in Senate Bill 333, which apparently was introduced at the request of residents of the area subsequently incorpo-

rated as the City of Cannon Beach. We have carefully examined the rather extensive minutes of the Senate Local Government Committee and of the House Local Government Committee, both of which considered and amended the bill. The April 2, 1953, minutes of the House Committee contain the following entry:

> "SB 333—A letter from Banks & Banks, attorneys of Portland, was read by the clerk. This bill relates to incorporation of cities and would allow the county court to pre-determine the boundaries and would not permit more than two elections in one year, the next one not to be held until an elapse of one year. The people of Cannon Beach are particularly interested in this bill. Rep. Husband will check with Ray Coulter to see whether the League of Oregon Cities have endorsed this bill."

The following entry is contained in the minutes of April 9, 1953:

> "SB 333—Mr. Banks, an attorney from Portland and a resident of Cannon Beach, appeared and read a statement explaining the need for the bill so far as the people of Cannon Beach are concerned. He feels that the county court should be allowed to establish the boundaries of the city to be incorporated."

It is apparent from these minutes that the legislative purpose was to give the county courts control over the boundaries of the proposed city and to eliminate repeated elections. There is not the slightest implication of any intent to authorize the county court, on political grounds, to deny the right of 150 inhabitants of a particular area to decide by a majority vote whether to incorporate their area as a city. We are satisfied that if the legislature had intended to give such power to a county court it would have expressed its intention in plain terms.

■ We agree with the court below that the board of commissioners had no right, under the pretext of finding that none of the proposed area would be benefited, to deny the residents of that area the right to vote on incorporation because, in the view of the board, an additional city in Clackamas County was "not commensurate with good governmental practices and not in the best interest of the general public nor in the general welfare."

Affirmed.